183 So.2d 688 (1966)
In re Questions of Law Certified to the Supreme Court of Florida by the FLORIDA BOARD OF BAR EXAMINERS.
No. 35124.
Supreme Court of Florida.
March 4, 1966.
*689 Ernest W. Welch, Panama City, and A. Dallas Albritton, Jr., Tampa, for Florida Board of Bar Examiners.
PER CURIAM.
The Florida Board of Bar Examiners, by formal petition, has requested certain information for its guidance in determining the admissibility of applicants under the provisions of Article IV, Section 20, of the Rules of the Supreme Court of Florida, 31 F.S.A., relating to admissions to the Bar. In pursuance thereof, the Board has posed the following two questions: 
"Does conviction of petty larceny in a court of record, even while a juvenile, deprive an individual of his civil rights in this state?
"Does the fact that an applicant has been deprived of his civil rights, in and of itself, bar that applicant from the practice of law in the State of Florida?"
The uncertainty flows from Article VI, Section 5, Constitution of Florida, 1885, F.S.A., which provides: 
"Power to Exclude Criminals from Holding Office and Right to Vote.
Sec. 5. The Legislature shall have power to, and shall, enact the necessary laws to exclude from every office of honor, power, trust or profit, civil or military, within the State, and from the right of suffrage, all persons convicted of bribery, perjury, larceny or of infamous crime, or who shall make, or become directly or indirectly interested in, any bet or wager, the result of which shall depend upon any election; or that shall hereafter fight a duel or send or accept a challenge to fight, or that shall be second to either party, or that shall be the bearer of such challenge or acceptance; but the legal disability shall not accrue until after trial and conviction by due form of law." (Emphasis added.)
This court has authority to dispose of the petition under Article V, Section 23, Constitution of Florida which, among other things, provides:
"The supreme court shall have exclusive jurisdiction over the admission *690 to the practice of law and the discipline of persons admitted."
The word "larceny" in Article VI, Section 5, supra, is included with the offenses of bribery and perjury, such crimes being, in specie, felonies. By application of the doctrine of ejusdem generis we find, and we hold, that the word "larceny" just above mentioned relates to felonious larceny or grand larceny and therefore a conviction of petty larceny would not deprive an individual of his or her right to be admitted to The Florida Bar if otherwise qualified. Provided, however, that nothing herein shall be construed as preventing the Florida Board of Bar Examiners from taking into consideration such a conviction in the overall measurement of character and fitness of the applicant and weighing it in connection with other evidences of character.
With reference to the second question posed by the Board, it is our opinion, and we hold, that where an applicant has been deprived of his civil rights upon conviction of a felony or infamous crime, but such civil rights shall have been subsequently restored by the granting of a full pardon by the Board of Pardons as authorized in Article IV, Section 12, of the Constitution, such prior conviction as shall have been pardoned will not bar such applicant from the practice of law in the State of Florida if he otherwise meets the qualifications for so doing. Provided, however, that any such conviction and loss of civil rights may be considered by the Board in the overall measurement of the general character of the applicant. The deprivation of civil rights for conviction of the offenses listed in Article VI, Section 5, of the Constitution of Florida, in the absence of a full pardon and restoration of civil rights by the Board of Pardons, would bar the applicant from the practice of law in the State of Florida except, unless and until such full pardon and restoration of civil rights shall have been granted.
It is so ordered.
THORNAL, C.J., and THOMAS, ROBERTS, CALDWELL and ERVIN. JJ., concur.