PER CURIAM.
We have for consideration a petition of The Florida Bar seeking an appropriate judgment against George Kastenbaum, as provided in Article XI, Rule 11.07(4), in the Integration Rule of The Florida Bar, 32 F.S.A.
On February 12, 1970, in Case No. 69-361-Cr-WM (United States of America v. George Kastenbaum), George Kastenbaum was found guilty of a felony in that he violated Section 1951, Title 18, United States Code. The pertinent part of this section says:
“Section 1951 Interference with commerce by threats or violence.
“(a) Whoever, in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined not more than $10,000 or imprisoned not more than twenty years, or both ....
“(b) (2) The term ‘extortion’ means the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right.”
On December 9, 1970, this Court, 241 So.2d 688, entered an order suspending respondent from the practice of law. (Florida Bar v. Kastenbaum) Thereafter, respondent appealed his felony conviction to the United States Court of Appeal. Respondent filed for writ of certiorari with the United States Supreme Court and cer-tiorari was denied.
The Florida Bar filed a petition for notice to show cause under Article XI, Rule 11.07(4), and this Court issued a notice to the respondent to show cause why appropriate disciplinary judgment should not be entered. No return to this notice to show cause was filed by the respondent.
Article XI, Rule 11.07(4), of the Integration Rule, provides that the final judgment entered by the United States District Court of Appeal shall be conclusive proof of the guilt of the offense charged. The respondent is, therefore, disbarred from the practice of law.
It is so ordered.
ROBERTS, C. J., and ERVIN, CARLTON, ADKINS and DEKLE, JJ„ concur.