341 So.2d 503 (1976)
In re FLORIDA BOARD OF BAR EXAMINERS (Two Cases).
In re ADMISSION OF PREVIOUSLY-CONVICTED FELONS.
In re George KASTENBAUM.
Nos. 48500 and 48731.
Supreme Court of Florida.
November 24, 1976.
Rehearing Denied January 27, 1977.
Joseph J. Gersten, Chairman, Miami, and C. Graham Crothers, Tallahassee, for petitioner  Florida Board of Bar Examiners.
George Kastenbaum, in pro per.
Robert L. Shevin, Atty. Gen., James D. Whisenand, Deputy Atty. Gen., and Richard W. Prospect, Asst. Atty. Gen., for the State of Florida.
Richard C. McFarlain, Asst. Executive Director, for The Florida Bar.
Tobias Simon and Elizabeth duFresne, Miami, for David A. Morrison.
PER CURIAM.
The Florida Board of Bar Examiners has by petition requested certain information for its guidance in determining the admissibility of applicants to The Florida Bar.
The following questions have been submitted by the Bar with request for this Court's answers:
"1. Does Section 9A of the rules promulgated by the Governor and the Cabinet validly and automatically restore *504 a previously convicted felon's civil rights so that he may be considered for admission to The Florida Bar?
"2. Does a conditional pardon as defined in Section 4B of the rules promulgated by the Governor and the Cabinet restore a previously convicted felon's civil rights in such a manner that he may be considered for admission to The Florida Bar?
"3. If such a conditional pardon does allow admission to The Florida Bar, what happens if the applicant breaches the condition?"
Additionally, we have for consideration the petition of George Kastenbaum, formerly a member of The Florida Bar, who was convicted of a felony in federal court and was consequently disbarred from The Florida Bar on June 29, 1972. The Florida Bar v. Kastenbaum, 263 So.2d 793 (Fla. 1972). Kastenbaum seeks review of the refusal by the Board of Bar Examiners to accept and consider his application for admission to The Florida Bar on the basis that his civil rights have not been restored.
Several similar questions have previously been propounded to this Court by The Florida Board of Bar Examiners. In response to the question as to whether the fact that an applicant has been deprived of his civil rights, in and of itself, bars that applicant from the practice of law in this State, this Court opined:
"... where an applicant has been deprived of his civil rights upon conviction of a felony or infamous crime, but such civil rights shall have been subsequently restored by the granting of a full pardon by the Board of Pardons as authorized in Article IV, Section 12, of the Constitution, such prior conviction as shall have been pardoned will not bar such applicant from the practice of law in the State of Florida if he otherwise meets the qualifications for so doing. Provided, however, that any such conviction and loss of civil rights may be considered by the Board in the overall measurement of the general character of the applicant. The deprivation of civil rights for conviction of the offenses listed in Article VI, Section 5 of the Constitution of Florida, in the absence of a full pardon and restoration of civil rights by the Board of Pardons, would bar the applicant from the practice of law in the State of Florida except, unless and until such full pardon and restoration of civil rights shall have been granted." In re Florida Board of Bar Examiners, 183 So.2d 688, 690 (Fla. 1966).
Subsequently in a letter by this Court dated November 25, 1970, directed to inquiry made by the Florida Board of Bar Examiners and questions posed thereby, this Court expressed the views that a conviction under a federal statute which provides that violation thereof shall constitute a felony so long as the federal violation is equivalent to a state felony does deprive an individual of his civil rights,, that in order to be eligible for admission to The Florida Bar, an applicant convicted of a federal offense constituting a felony equivalent to a felony under state law is required to have his civil rights restored by the Governor and three members of the Cabinet or by Presidential Pardon, and that an applicant convicted of a federal felony equivalent to a felony under state law need not obtain a Presidential Pardon to be eligible for admission to The Florida Bar if his civil rights are restored in Florida pursuant to Article IV, Section 8, Florida Constitution.
Article IV, Section 8(a), Florida Constitution, provides:
"Except in cases of treason and in cases where impeachment results in conviction, the governor may, by executive order filed with the secretary of state, suspend collection of fines and forfeitures, grant reprieves not exceeding sixty days and, with the approval of three members of the cabinet, grant full or conditional pardons, restore civil rights, commute punishment, and remit fines and forfeitures for offenses."
By mutual consent of the Governor and Cabinet, the Rules of Executive Clemency were adopted September 10, 1975. Section 9(A) of Rules of Executive Clemency of *505 Florida, effective November 1, 1975, provides for the automatic restoration of civil rights, as follows:
"When a person receives final release from the Florida Parole and Probation Commission, Department of Offender Rehabilitation or county jail, his civil rights shall be automatically reinstated, except the right to possess or own a firearm shall be specifically withheld."
Section 4, Rules of Executive Clemency of Florida, provides:
"Where in the discretion of the Governor a case merits consideration for executive clemency for any reason, the Governor with the approval of three Cabinet members may bestow the following acts of grace:
"A. A FULL PARDON unconditionally releases from punishment, forgives guilt and entitles an applicant to all of the rights of citizenship enjoyed by him before his conviction. It freely and unconditionally absolves the offender from all legal consequences of the crime and conviction.
"B. A CONDITIONAL PARDON releases from punishment, forgives guilt of any applicant and entitles him to all of the rights of citizenship enjoyed before his conviction, only so long as the applicant fulfills certain conditions, precedent or subsequent, which are specified by the Governor with the approval of three Cabinet members. A violation or breach of the conditions may remove the conditional pardon and place the recipient in the status prior to receiving same.
"C. COMMUTATION OF SENTENCE changes the applicant's penalty to one less severe, but does not restore civil rights. Persons incarcerated, on parole or probation will not be considered for commutation of sentence unless a waiver is granted in accordance with Rule 13 or commutation is recommended by the secretary of the Department of Offender Rehabilitation.
"D. REMISSION OF FINES AND FORFEITURES suspends or removes fines or forfeitures.
"E. RESTORATION OF CIVIL RIGHTS restores to the applicant all or some of the rights of citizenship enjoyed before conviction in the State of Florida or restores all or some civil rights in this State for persons convicted under the laws of another state or government."
We now refer to the three questions proposed by the Florida Board of Bar Examiners.
1. Section 9A of the Rules promulgated by the Governor and Cabinet providing for automatic restoration of a convicted felon's civil rights on its face is sufficient to return full citizenship to the felon, but we feel constrained to comment that the constitutionality vel non of this Rule has not yet been presented to the Court as an alleged violation of Article IV, Section 8, Constitution of Florida.
2. A conditional pardon is not a full restoration of citizenship and is not sufficient to lift the objection to his admission to The Florida Bar.
3. In view of our answer to question two, we find it unnecessary to deal separately with question three.
It appears that the petitioner Kastenbaum was convicted in a federal court of violating Section 1951, Title 18, United States Code, which relates to interference with commerce by threats or violence. Accordingly, prior to consideration for readmission, it will be necessary for the petitioner Kastenbaum to obtain a full pardon or restoration of his civil rights either from the President of the United States or the Governor of Florida with three members of the Cabinet concurring.
It is so ordered.
OVERTON, C.J., and ROBERTS, ADKINS, BOYD, SUNDBERG and HATCHETT, JJ., concur.
ENGLAND, J., dissents with an opinion.
ENGLAND, Justice (dissenting).
In 1966 this Court held that persons convicted of any crime enumerated in Article *506 VI, Section 5 of the Florida Constitution (1885) could not be admitted to the bar until his or her civil rights were restored by a full pardon.[1] That provision required the Legislature to "enact the necessary laws to exclude from every office of honor, power, trust or profit, civil or military ... all persons convicted" of certain listed offenses. Implicitly the Court determined that, as an "officer of the court", a person admitted to the bar should have the same qualifications as a holder of public office, and thereby gave recognition to the policy expressed in the Constitution.
In 1968 the Constitution was amended to provide in Article VI, Section 4 that:
"No person convicted of a felony . . shall be qualified to vote or hold office until restoration of civil rights ..."
The intent of the new provision was to bar voting privileges and the holding of a public office. I do not believe that Article VI, Section 4 of the 1968 Constitution has any effect whatsoever on the exercise of this Court's exclusive power to regulate admission to the legal profession in this state.[2]
We recently held that, although attorneys are properly viewed as "officers of the court", they do not hold public office for the purposes of financial disclosure legislation affecting public officeholders.[3] We there explained that the legal profession serves functions necessary to the efficient operation of the judicial system, and that the existence of a responsible legal profession provides the historical foundation upon which an attorney's special status as an "officer of the court" has been based. Nonetheless, we noted the distinction between historic court "officers" and constitutionally or legislatively controlled public officials. The United States Supreme Court has also said that "a lawyer is engaged in a private profession."[4]
In exercising our exclusive power to admit to the practice of law in Florida persons previously convicted of a felony we could obviously require a restoration of civil rights by full or conditional pardon. I would decline to do so, however. The pardon power and the power to restore civil rights in Florida are vested exclusively in the Governor and Cabinet.[5] The equivalent power at the federal level is vested in the President of the United States.[6] If we were to condition the admission of an ex-felon to the practice of law only when the executive branch chooses to exercise its discretion under the federal or the state constitution, we would dilute to that extent the exclusive power over bar admissions which the Florida Constitution assigns to this Court. Such a delegation of our responsibility is neither appropriate[7] nor wise.[8]
The extent to which the executive branch either has or has not exercised its discretionary power to pardon or restore civil *507 rights has no relation to the fitness of a particular person to practice law.[9] In addressing a similar issue, the Supreme Judicial Court of Massachusetts held that it could not be presupposed that an attorney disbarred as a result of a conviction for perjury was beyond rehabilitation.
"Time and experience may mend flaws of character which allowed the immature man to err... . There is always the potentiality for reform... ."[10]
I agree with that view.
The commission and conviction of a crime by a person seeking admission to the practice of law raises serious questions as to moral fitness. It does not, however, always and necessarily mean he is permanently unfit. It requires in each case an inquiry into the gravity of the offense, the length of time since conviction, and a host of other factors relating to the person's character and current fitness to enter the legal profession. It may be that an ex-felon will be able to show rehabilitation sufficient to meet the character requirements for admission to the Bar only in rare cases, but those who do should not be denied admission solely because the executive branch has declined to perform a discretionary political act.
For these reasons, I would recede from earlier decisions of this Court, direct the Board to accept and process the applications of persons previously convicted of felonies in accordance with the rules relating to admission to the bar and in doing so consider the conviction, as well as other relevant events in the applicant's history, as bearing on the applicant's present fitness to practice law.
NOTES
[1] In re Florida Board of Bar Examiners, 183 So.2d 688 (Fla. 1966).
[2] Article V, Section 15, Florida Constitution (1972); Article V, Section 23, Florida Constitution (1968).
[3] In re The Florida Bar, 316 So.2d 45 (Fla. 1975).
[4] Cammer v. United States, 350 U.S. 399, 405, 76 S.Ct. 456, 458, 100 L.Ed. 474 (1956).
[5] Art. IV, § 8(a), Fla. Const. (1968). See also In re Advisory Opinion of the Governor Civil Rights, 306 So.2d 520 (Fla. 1975).
[6] U.S.Const. art. II, § 2.
[7] Article II, Section 3 of the Florida Constitution provides that "No person belonging to one branch shall exercise any powers appertaining to either of the other branches unless expressly provided herein."
[8] The total abdication of individualized decision-making to non-particularized executive rules produces absurd results. A restoration of civil rights under Section 9(a) is automatic upon release from jail although there is no element of forgiveness in the executive's decision. Time alone provides absolution, without regard to conduct or rehabilitative efforts while in jail. The majority approves bar admission under these circumstances. Not so with a conditional pardon (necessarily the product of a more deliberative decision-making process by the executive) which not only expressly forgives guilt but which could have as the sole condition a rehabilitative or socially desirable requirement such as a precedent restitution to the felon's victim.
[9] The pardon power is not always free from political considerations appropriate to the executive branch but wholly unsuited to the duties of the judiciary. For example, see Pardon Is Assured for Pitts and Lee, Miami Herald, Sept. 17, 1975, at p. 1.
[10] In re Hiss, Mass., 333 N.E.2d 429, 434 (1975).