350 So.2d 1072 (1977)
Florida Board of Bar Examiners In re Questions of Law Certified to the Supreme Court of Florida BY the FLORIDA BOARD OF BAR EXAMINERS  Felony Convictions.
No. 52031.
Supreme Court of Florida.
September 29, 1977.
Parks M. Carmichael, Gainesville, Chairman, and C. Graham Carothers, Tallahassee, for the Florida Bd. of Bar Examiners.
PER CURIAM.
The Florida Board of Bar Examiners (the Board) has petitioned this Court for guidance in determining whether persons convicted of felonies in states other than Florida are eligible for admission to The Florida Bar. It its petition, the Board points out that this Court has previously answered certified questions concerning the eligibility of persons convicted of felonies under the laws of the State of Florida and of felonies under the federal laws for admission to The Florida Bar. However, the Board presently has under consideration applications for admission to The Florida Bar submitted by persons who acknowledge having been convicted of offenses in states outside the State of Florida which are characterized as felonies by the state in which the offenses were committed. We have not heretofore considered this issue. The Board frames its interrogatories as follows:
1. IS AN APPLICANT WHO IS DULY CONVICTED UNDER THE LAWS OF A SISTER STATE OF AN OFFENSE WHICH CONSTITUTES A FELONY UNDER THE LAWS OF SUCH STATE INELIGIBLE FOR ADMISSION INTO THE FLORIDA BAR?
2. IF SO, IS SUCH AN APPLICANT CONVICTED OF A FELONY IN ANOTHER STATE REQUIRED TO HAVE HIS CIVIL RIGHTS RESTORED IN SUCH OTHER STATE, OR IN FLORIDA, TO BE ELIGIBLE FOR ADMISSION INTO THE FLORIDA BAR?
3. IS THE BOARD REQUIRED TO MAKE A DETERMINATION WHETHER THE OFFENSE COMMITTED IN A SISTER STATE WOULD CONSTITUTE A FELONY IF THE OFFENSE WAS COMMITTED WITHIN FLORIDA, OR MAY THE BOARD RELY UPON THE SISTER STATE'S CLASSIFICATION *1073 OF THE OFFENSE AS A MISDEMEANOR OR FELONY?
4. IF THE BOARD IS REQUIRED TO DETERMINE WHETHER THE OFFENSE WOULD CONSTITUTE A FELONY IF COMMITTED IN FLORIDA, BY WHAT TEST IS SUCH DETERMINATION TO BE MADE?
We have jurisdiction to entertain this petition pursuant to Article V, Section 15, Florida Constitution.
By our answers to certified questions in In re: Florida Board of Bar Examiners, 183 So.2d 688 (Fla. 1966), we made clear that only conviction of a crime in Florida for which one is deprived of his civil rights shall serve to make that individual ineligible for admission to The Florida Bar. Specifically, it was held that a conviction for petty larceny would not deprive an individual of his or her right to be admitted to The Florida Bar if otherwise qualified. It was pointed out, however, that the Board was not precluded from taking such conviction into consideration in the overall measure of character and fitness of the applicant and weighing it in connection with other evidence of character.
Currently, Article VI, Section 4, Florida Constitution, provides:
No person convicted of a felony, or adjudicated in this or any other state to be mentally incompetent, shall be qualified to vote or hold office until restoration of civil rights or removal of disability.
The legislature has amplified on the disabilities which stem from conviction of a felony. Section 112.011 (employment); Section 790.23(1) (firearms); Section 40.07(1) (jury); Section 775.13 (registration of convicted felons); Section 97.041(3)(d) (voting); and Section 561.15 (beverage license), Florida Statutes (1975).
It is apparent that the Court's rationale for considering an individual ineligible for admission to The Florida Bar upon conviction of a felony is predicated upon the deprivation of civil rights which flows from such conviction. If one is ineligible to vote or hold public office in Florida, then he should not be eligible for admission to The Florida Bar and thereby become an officer of the courts of this State.
In view of the foregoing, we suggest that the answer to the first question propounded depends not upon the label which a sister state places upon a crime, but whether or not the individual is deprived of his or her civil rights upon conviction. If so, then regardless of the nomenclature attached to the conviction, the individual should be treated as one who has been convicted of a felony in Florida. This analysis avoids altogether the necessity to make the determinations suggested in the third and fourth questions propounded by the Board.
Of course, such disability attaches only so long as the individual is deprived of his civil rights. In re: Florida Board of Bar Examiners, supra. Upon restoration of his civil rights through the appropriate procedure, the individual thereby becomes eligible for admission to The Florida Bar. In re: Florida Board of Bar Examiners, 341 So.2d 503 (Fla. 1976). The issue raised by the second question propounded by the Board concerns the appropriate procedure of restoration where the conviction occurs in a sister state. Since we have concluded that it is the deprivation of civil rights by the sister state which is determinative of ineligibility, it logically follows that the restoration of civil rights by a sister state by whatever procedure obtains in that state should likewise remove the ineligibility which results from the original deprivation. In addition, there exists in this State Rules of Executive Clemency adopted on September 10, 1975, by mutual consent of the Governor and Cabinet. By subsection 4E. of those Rules the Governor with the approval of three members of the Cabinet may grant a restoration of "all or some civil rights in this State for persons convicted under the laws of another state or government." Consequently, subject to the caveat as to constitutionality mentioned in In re: Florida Board of Bar Examiners, 341 So.2d 503 (Fla. 1976), eligibility for admission to The Florida Bar may follow upon a restoration *1074 of civil rights by the state which originally suspended those rights or upon restoration in Florida, to the extent now required to make a convicted Florida felon eligible for admission.
Responding, then, to the four questions propounded by the Florida Board of Bar Examiners:
1. AN APPLICANT WHO IS DULY CONVICTED OF A CRIME UNDER THE LAWS OF A SISTER STATE WHICH RESULTS IN THE DEPRIVATION OF HIS OR HER CIVIL RIGHTS, REGARDLESS OF THE NOMENCLATURE ATTACHED TO SUCH CRIME BY THAT SISTER STATE, SHALL BE INELIGIBLE FOR ADMISSION INTO THE FLORIDA BAR.
2. AN APPLICANT CONVICTED OF A CRIME IN ANOTHER STATE WHICH RESULTS IN DEPRIVATION OF HIS OR HER CIVIL RIGHTS SHALL BECOME ELIGIBLE FOR ADMISSION INTO THE FLORIDA BAR UPON RESTORATION OF THOSE CIVIL RIGHTS EITHER BY THE STATE IN WHICH THE CONVICTION OCCURRED OR BY THE STATE OF FLORIDA, PROVIDED THAT SUCH RESTORATION IS AS FULL AND COMPLETE AS IS REQUIRED TO MAKE A FLORIDA FELON ELIGIBLE FOR ADMISSION.
By virtue of our response to the foregoing questions, the remaining questions propounded by the Board are rendered moot.
Nothing herein is to be construed as proscribing the Florida Board of Bar Examiners from considering the conviction of any crime by an applicant in the overall measurement of character and fitness and weighing it in connection with other evidence of character.
It is so ordered.
OVERTON, C.J., and ADKINS, BOYD, SUNDBERG, HATCHETT and KARL, JJ., concur.
ENGLAND, J., dissents with an opinion.
ENGLAND, Justice, dissenting.
I dissent for the reasons expressed in In Re Florida Board of Bar Examiners, 341 So.2d 503 (Fla. 1976).