PER CURIAM.
The Florida Board of Bar Examiners (the Board) has petitioned this Court for guidance in determining whether persons convicted of a felony under federal law, whose conviction is set aside pursuant to the provisions of the Federal Youth Corrections Act, 18 U.S.C. § 5005 et seq. are eligible to apply for admission into the Florida Bar Examination or for admission into The Florida Bar. We have jurisdiction to entertain this petition pursuant to Article V, Section 15, Florida Constitution.
In its petition, the Board notes that it has under consideration an application for admission to The Florida Bar submitted by a person who acknowledges having been convicted of embezzlement of United States mail which is a federal felony. The applicant alleged that he was thereafter placed on probation for one year pursuant to Title 18 U.S.C., § 5010(a), and that his conviction was subsequently set aside under the provisions of Title 18, U.S.C., § 5021(b), otherwise known as the Federal Youth Corrections Act.[1]
*425 The Federal Youth Corrections Act is a congressional enactment which gives the court discretionary power to unconditionally discharge a youthful offender from probation prior to the expiration of the maximum period of probation, thus setting aside the conviction. Federal Youth Corrections Act, 18 U.S.C. § 5021. While the authorities which have entertained the effect of the Act appear disunited on whether it expunges the record of convictions,[2] all authorities seem to concur that the statute provides for the restoration of civil rights. Such conclusion is undoubtedly predicated upon the announced purpose of the bill which is
to make available for the discretionary use of the Federal judges a system for the sentencing and treatment of persons under the age of 22 years who have been convicted of crime in the United States courts that will promote the rehabilitation of those who in the opinion of the sentencing judge show promise of becoming useful citizens and so will avoid the degenerative and needless transformation of many of these young persons into habitual criminals. . . . The underlying theory of the bill is to substitute for retributive punishment methods of training and treatment designed to correct and prevent antisocial tendencies. It departs from the mere punitive idea of dealing with criminals and looks primarily to the objective idea of rehabilitation.
1950 U.S.Code Cong. Service p. 3983.
By this Court’s answers to certified questions in In re Florida Board of Bar Examiners, 350 So.2d 1072 (Fla.1977), we stated that an applicant who is convicted of a crime under the laws of a sister state which results in the deprivation of his civil rights is ineligible for admission into The Florida Bar. We found, however, that such individual shall become eligible for admission into The Florida Bar upon restoration of those civil rights either by the state in which the conviction occurred or by the State of Florida. Elaborating upon this holding we asserted:
Since we have concluded that it is the deprivation of civil rights by the sister state which is determinative of ineligibility, it logically follows that the restoration of civil rights by a sister state by whatever procedure obtains in that state should likewise remove the ineligibility which results from the original deprivation.
350 So.2d at 1073.
We now find this rationale equally apposite where one is divested of his civil rights because he has been convicted of a felony under a federal statute. The applicant who is convicted of a federal offense constituting a felony is ineligible for admission to The Florida Bar unless his civil rights are restored by the federal government by whatever procedure obtains in the federal system or by the Governor of this State and three members of the cabinet pursuant to Article IV, Section 8, Florida Constitution.[3] Because Title 18, U.S.C. § 5021(b) is designed at a minimum to set aside the youth offender’s conviction and to restore his civil rights, we find the order of the United States District Court setting aside the applicant’s conviction sufficient as a matter of law to render the applicant eligible to file an application with the Board for admission into The Florida Bar.
Responding, then, to the question propounded by the Florida Board of Bar Examiners:
A PERSON CONVICTED OF A FELONY UNDER FEDERAL LAW, WHOSE *426 CONVICTION IS SET ASIDE PURSUANT TO THE PROVISIONS OF THE FEDERAL YOUTH CORRECTIONS ACT, 18 U.S.C. § 5006 ET SEQ. IS ELIGIBLE TO APPLY FOR ADMISSION INTO THE FLORIDA BAR EXAMINATION OR FOR ADMISSION INTO THE FLORIDA BAR.
Nothing herein is to be construed as proscribing the Florida Board of Bar Examiners from considering the commission of any crime by an applicant in the overall measurement of character and fitness and weighing it in connection with other evidence of character.
It is so ordered.
ENGLAND, C. J., and ADKINS, BOYD, SUNDBERG and HATCHETT, JJ., concur.

. Title 18 U.S.C., § 5021 states:
“(a) Upon the unconditional discharge by the division of a committed youth offender before the expiration of the maximum sentence imposed upon him, the conviction shall be automatically set aside and the division shall issue to the youth offender a certificate to that effect.
“(b) Where a youth offender has been placed on probation by the court, the court may thereafter, in its discretion, unconditionally discharge such youth offender from pro *425 bation prior to the expiration of the maximum period of probation theretofore fixed by the court, which discharge shall automatically set aside the conviction, and the court shall issue to the youth offender a certifícate to that effect.”

. The leading cases suggesting that the record of conviction should be expunged are Tatum v. United States, 114 U.S.App.D.C. 49, 310 F.2d 854 (1962); Mestre Morera v. United States Immigration, 462 F.2d 1030 (1st Cir. 1972). In contrast are United States v. McMains, 540 F.2d 387 (8th Cir. 1976); United States v. Doe, 556 F.2d 391 (6th Cir. 1977); United States v. Heller, 435 F.Supp. 955 (N.D.Ohio 1976).

. See a communication by this Court dated November 25, 1970, responding to inquiry made by the Florida Board of Bar Examiners and questions posed thereby.