SUNDBERG, Chief Justice,
dissenting.
Today’s decision, though well intentioned, is shortsighted and ignores fundamental precedent. I must therefore dissent.
To begin, the majority mischaracterizes the ruling in In re Florida Board of Bar Examiners, 183 So.2d 688 (Fla.1966). The Court strongly implies that Florida Board of Bar Examiners holds that in the face of otherwise favorable character evidence, the facts and circumstances giving rise to a petty larceny charge cannot alone support rejection from the Bar. The scope of the 1966 decision is not nearly so expansive. That case simply stands for the proposition that the mere presence of a petty larceny conviction, standing by itself, does not automatically exclude an individual from admission to The Florida Bar. More importantly, the case goes on to hold that the Board may take into consideration such conviction and weigh it in connection with the overall measure of character and fitness of the applicant. Thus the Board was acting responsibly in considering the facts surrounding the incidents of September, 1977, and January, 1978, in determining petitioner’s fitness to practice law.
Furthermore, it is clear that the jury’s acquittal of petitioner on the petty larceny charge stemming from the January, 1978, event does not preclude the Board from considering evidence of that event as bearing upon the character and fitness of the petitioner. The standard of proof in a bar admission proceeding does not require establishment of fact beyond and to the exclusion of every reasonable doubt which is required in the criminal proceeding. The rule of circumstantial evidence applicable in a civil case was stated in Nielsen v. City of Sarasota, 117 So.2d 731 (Fla.1960). After citing a number of previous decisions of the Court discussing the rules applicable to circumstantial evidence and justifiable inferences therefrom in civil actions, as distinguished from criminal cases, the Court stated: *677 117 So.2d at 733. Of course, a further distinction exists between civil and criminal procedure where circumstantial evidence is concerned, in that in a civil ease a fact may be proved by circumstantial evidence if the inference of the fact preponderates over other inferences. In a criminal case the inference of the fact must appear beyond and to the exclusion of every reasonable doubt.
*676 The sum of all of these opinions is that in a civil case, a fact may be established by circumstantial evidence as effectively and as conclusively as it may be proved by direct positive evidence. The limitation on the rule simply is that if a party to a civil action depends upon the inferences to be drawn from circumstantial evidence as proof of one fact, it cannot construct a further inference upon the initial inference in order to establish a further fact unless it can be found that the original, basic inference was established to the exclusion of all other reasonable inferences.
*677 In this case we are not concerned with the pyramiding of inferences and, therefore, the limitation on the rule referred to in Nielson is not applicable. The question is simply whether the inferences to be drawn from the evidence presented to the Board as to the theft preponderated over other inferences. The Board reached its conclusion after having “carefully observed the demeanor of each witness, their frankness or lack of frankness, their intelligence, their interest, if any, in the outcome of this proceeding, their ability to remember the matters about which they testified and the reasonableness of their testimony considered in the light of all the evidence in the proceeding.” It was appropriate for the Board so to do. Where there is competent circumstantial evidence, though the evidence was conflicting, to support the Board’s conclusion, it is not the function of this Court to substitute its judgment for the judgment of the Board where it acts as a trier of fact. Shaw v. Shaw, 334 So.2d 13 (Fla.1976).
Today’s decision also holds that the jury verdict of acquittal in the criminal trial precluded the Board from considering petitioner’s denials of the shoplifting as separate instances of demonstrated bad character. The position, while superficially appealing, is not supported by the law. An acquittal of a charge of larceny does not bar even a subsequent criminal prosecution for perjury relating to defendant’s testimony material to the essential elements of the crime of larceny. Although some authorities support the proposition that an acquittal upon a given charge is a good defense to a subsequent charge of perjury upon double jeopardy principles, other authorities reach a contrary result and this state seems not to have embraced the collateral estoppel theory. See Yarbrough v. State, 79 Fla. 256, 83 So. 873 (1920). Moreover, the principles of double jeopardy upon which the theory of collateral estoppel in such cases rests are inapplicable to admission proceedings.
The personal hardship to petitioner' resulting from this ordeal is not lost upon me. I fear, however, that in its zeal tó rule compassionately, the majority works a greater mischief, the ramifications of which transcend this particular case. I think it beyond doubt that there was competent substantial evidence to support the Board’s findings with respect to both the 1977 and 1978 incidents. But the Court, contravening basic jurisprudential concepts of appellate review of factual findings, reevaluates the evidence to reach a contrary yet seemingly “equitable” decision. It is in just this type of difficult case where the Court must remain faithful to its fundamental guiding principles. We failed to do this here, and I am afraid our impulsiveness will come back to haunt.
ALDERMAN, J., concurs.