401 So.2d 1347 (1981)
In re PETITION OF Jose Agustine DIEZ-ARGUELLES.
No. 60152.
Supreme Court of Florida.
July 30, 1981.
Robert M. Rhodes of Messer, Rhodes, Vickers & Hart, and Joseph W. Jacobs, Tallahassee, for petitioner.
Alexander L. Hinson, Chairman, Quincy, John H. Moore, Executive Director, and C. Graham Carothers, Tallahassee, for the Florida Board of Bar Examiners.
PER CURIAM.
We have for review the findings of fact and conclusions of law of the Florida Board of Bar Examiners (hereinafter the board), concluding that petitioner, Jose Agustine Diez-Arguelles (hereinafter petitioner), fails to meet the standards of conduct and fitness required under the provisions of article IV, section 19, of the Rules of the Supreme Court of Florida Relating to Admissions to the Bar. We have jurisdiction. Art. IV, § 20(a), Rules of the Supreme Court of Florida Relating to Admissions to the Bar (hereinafter the rules).
In 1972, while an undergraduate student at Florida State University, petitioner was arrested in Miami, Florida, for the sale of cocaine. He was charged with such and with the prior sale of cocaine in Leon County, Florida. Petitioner pled nolo contendere to the Leon County related charges and guilty to the Miami ones and was sentenced to concurrent prison terms of four years for the former and three for the latter.
Continuing to pursue an education while in prison and after being released, petitioner was awarded a BA by Florida State University in 1976 and a JD by that school's college of law in 1978. In 1980 he was awarded an LL.M. in taxation by the Boston University School of Law.
Petitioner disclosed his criminal record on the application for admission which he filed with The Florida Bar in 1979. After an informal hearing at which he appeared, the board served specifications upon petitioner alleging that he had engaged in the previously recounted criminal conduct and indicating that the board planned to inquire into and determine his qualifications under the provisions of article IV, section 19, of the rules. In response thereto, petitioner admitted the allegations and requested a formal hearing for presentation of evidence regarding his qualifications.
At the formal hearing, the board's evidence consisted of a copy of the specifications which had earlier been served, petitioner's answer thereto, and a transcript of *1348 the informal hearing earlier held. Petitioner's evidence consisted of his testimony regarding his past involvement with drugs, his current opinion thereof and his resolve to rehabilitate himself, character testimony by his law school dean, and letters of commendation from persons with whom he had dealt over the years.
After considering the above, the board issued its findings of fact and conclusions of law, which read as follows:
1. The Board finds that beginning in August or September, 1972, while Applicant Diez-Arguelles was enrolled as an undergraduate student at Florida State University, and continuing until approximately November of 1972, he engaged in the purchase and resale of cocaine for profit. That during said period, Applicant Diez-Arguelles participated in and engaged in the sale of cocaine on approximately fifteen occasions, in transactions ranging in quanity [sic] from one ounce to eight ounces. That in 1972, Applicant Diez-Arguelles was arrested and charged with the unlawful sale of cocaine in the Circuit Court of the Eleventh Judicial Circuit of Florida in and for Dade County. That upon his plea of guilty, Applicant Diez-Arguelles was adjudicated guilty of said offense, which constituted a felony under the laws of Florida. That in 1972, Applicant Diez-Arguelles was also arrested and charged with unlawful sale of cocaine in the Circuit Court of the Second Judicial Circuit of Florida in and for Leon County. That upon his plea of nolo contendere, applicant was adjudicated guilty of said offense which constituted a felony under the laws of Florida.
2. The Board further finds that, considering the nature and seriousness of the crimes of which Applicant Diez-Arguelles has been convicted, the evidence offered with respect to the Applicant's rehabilitation, including the testimony of the applicant and of Joshua M. Morse, and letters introduced in evidence, is insufficient to sustain the applicant's burden of proving his good moral character and fitness.
CONCLUSIONS OF LAW
It is the conclusion of the Board that the evidence before it as set forth in the foregoing Findings clearly and unequivocally establishes that Applicant Diez-Arguelles fails to meet the standard of conduct and fitness required under the provisions of Article IV, Section 19 of the Rules of the Supreme Court of Florida Relating to Admissions to the Bar.
In response to the above, petitioner petitioned this Court for review, praying for admittance to The Florida Bar.
We have carefully reviewed the evidence produced at petitioner's formal hearing, the correspondence with which petitioner supplemented the record, and the board's findings and conclusions, and are of the opinion that petitioner has shown his rehabilitation and should be admitted to The Florida Bar.
The rule under which the board denied petitioner admission to the bar provides as follows:
No person shall be recommended by the Florida Board of Bar Examiners to the Supreme Court of Florida for admission to The Florida Bar unless he first produces satisfactory evidence to the Board that he is of good moral character, that he has an adequate knowledge of the standards and ideals of the profession and is otherwise a fit person to take the oath and perform the obligations and responsibilities of an attorney.
The board contends that in light of petitioner's past criminal activities, he has failed to produce satisfactory evidence of rehabilitation proving that he is presently possessed of good moral character and fitness. Several matters convince us otherwise.
Petitioner's accomplishments since the time of his arrest are persuasive evidence of rehabilitation. He states that while in prison he decided to try to overcome, through education, the mistake which he made. His subsequent attainment of a BA degree, a law degree, and a master of laws in taxation demonstrate a desire to improve himself, acceptance of certain responsibilities and goals, and persistence in *1349 achieving the same. Petitioner has evidenced a resolve to chart a new course for his life, renouncing the element in which he was once enmeshed.
Also indicating petitioner's sincere and successful drive for rehabilitation are the letters from and testimony by professionals with whom he has dealt since his conviction. They reflect petitioner's special efforts to avoid any kind of trouble, his diligence and dependability in all undertakings, his regret concerning his past conduct and attempts to warn others against such mistakes, and what those who have dealt with him view as his high moral standards and integrity. Petitioner's law professors, with whom he was closely involved for three years, commend his ability and desire to practice law and indicate their unreserved confidence in him. The letters and testimony presented are persuasive argument in favor of admitting petitioner to the bar.
We note that the board presented nothing contravening the evidence presented on petitioner's behalf. No act, incident, or omission reflecting ill on petitioner was shown. No testimony or letter questioning his character was produced. Nothing in the record contradicts petitioner's assertion of his rehabilitation, and we accept it as genuine.
Not controlling, but, in our opinion relevant, is article IV, section 20(c) of the rules, which provides, in part:
Any applicant who has been refused recommendation by the Board or any applicant or student registrant who has proceeded through the provisions of paragraph (a) above and is the recipient of final action by the Supreme Court either denying an applicant's admission or finding a student registrant to be unfit for admission may, within a period of not less than two calendar years from the date the Board delivered its adverse finding or from the date the Court entered such final action, whichever is later, file an appropriate petition with the Clerk of the Supreme Court of Florida in an attempt to show sufficient rehabilitation to warrant a review of the Board's finding or the re-evaluation by the Court of its final action.
(emphasis added).
Section 20(c) clearly indicates that one wishing to show rehabilitation must wait at least two years after an adverse finding before attempting to do so. A corollary of the rule, therefore, would be that one may be sufficiently rehabilitated after two years to gain admittance to the bar. The passage of two years, without more, will not prove rehabilitation, but, the clear import is that two years may be sufficient time for rehabilitation to have occurred.
Petitioner has been striving to rehabilitate himself, and to demonstrate such, for much longer than two years. It has been over eight years since he was arrested and convicted. He has spent that time studying, working, and by all accounts, leading an exemplary life. If two years is adequate time for rehabilitation to occur, then the fact that petitioner has acted in an exemplary fashion for eight years is compelling evidence of such on his part.
In ruling in favor of petitioner's admission, we do not make light of or ignore his past. He was arrested for and admitted to a serious crime and was adjudicated a felon. Such conduct provides the basis for denying one the privilege of practicing law. Nor does restoration of one's civil rights automatically guarantee admission to the bar. The rules do not, however, bar the later admission of one so convicted if he is able to demonstrate that he meets the standards of conduct and fitness required of an attorney. See In re Florida Board of Bar Examiners, 350 So.2d 1072 (Fla. 1977); and In re Florida Board of Bar Examiners, 341 So.2d 503 (Fla. 1976).
Petitioner has demonstrated that he meets said standards. He has shown by hard work, perseverance, and dedication, a reformation. We would be hard pressed to find a person who has worked harder to overcome a regrettable course of conduct; one who chose the route of improvement and rehabilitation through hard work rather than the too-often chosen path of a continued life of crime. One who works diligently *1350 at rehabilitation, and who can show that he has in fact been rehabilitated, should not be denied the privilege of practicing law solely because of a past mistake which is no longer relevant to the issue of his admission to the bar.
Petitioner has demonstrated, to our satisfaction, that he has been rehabilitated and meets the standards of conduct and fitness required by the rule. We therefore direct that he be admitted to The Florida Bar.
It is so ordered.
SUNDBERG, C.J., and ADKINS, BOYD, OVERTON, ENGLAND and McDONALD, JJ., concur.
ALDERMAN, J., dissents with an opinion.
ALDERMAN, Justice, dissenting.
The applicant, Diez-Arguelles, is a twice convicted felon who admittedly participated in approximately fifteen sales of cocaine ranging in quantity from one ounce to eight ounces. Without concern for the laws of his adopted country and without regard for the effect his illicit trade would have on others, Diez-Arguelles became a drug dealer. Fortunately, his career as a professional criminal was cut short by his arrest, conviction, and imprisonment.
The Board of Bar Examiners concluded that the evidence offered by Diez-Arguelles was insufficient to sustain his burden of proving that he was of good moral character and fitness. That burden was particularly heavy in this case because Diez-Arguelles' past disrespect for the law and his willingness to prey upon the weakness of others are strong signs of serious character defects. In making its finding, the Board heard firsthand the testimony of Diez-Arguelles. It was not required to accept his testimony at face value, but, as our finder of fact, it could properly weigh this testimony in determining the sincerity of his professed rehabilitation.
The evidence presented by Diez-Arguelles, if believed, is sufficient to show that he is now rehabilitated. Apparently, it was not believed by the Board. Not having heard the live testimony presented at the formal hearing, I am not prepared to substitute my judgment as to its believability for that of the Board's. I prefer to give to the Board's finding the presumption of correctness which it is entitled to receive. Accordingly, I would deny the petition of Diez-Arguelles for admission to The Florida Bar.