NESBITT, Judge.
Guiseppe Pizzeria appeals a final order entered by the Department of Business *1332 Regulation, Division of Alcoholic Beverages and Tobacco (Division) denying its application for an alcoholic beverage license permitting liquor to be served in its restaurant. We affirm.
In February 1983, Miguel Porto made application for an alcoholic beverage license for Guiseppe Pizzeria. Porto revealed that in 1978 he had been convicted in New York of “attempted criminal possession of a weapon in the third degree,” a felony under New York law. Porto also produced a “Certificate of Relief from Disabilities” signed by a New York supreme court justice. This certificate was issued for the limited purpose of allowing Porto to apply for a liquor license in New York and did not restore Porto’s civil rights. The certificate specifically stated that it removed any automatic bar to obtaining a license, but did not prevent any licensing body from refusing a license, in the exercise of its discretion, on the basis of Porto’s conviction.[1]
In the Florida proceedings, a hearing officer recommended the issuance of a license. The Division, however, rejected the recommendation and denied Porto a license based on section 561.15(2), Florida Statutes (1981).
The Division contends that the certificate of relief did not fully restore Porto’s civil rights and, thus, the bar of section 561.-15(2) remains in effect. We agree, especially in light of the well-settled principle that construction of a statute by the administrative agency charged with its interpretation is entitled to great weight and persuasive force and should not be departed from unless clearly erroneous. Bureau of Crimes Compensation, Florida Department of Labor & Employment Security v. Reynolds, 443 So.2d 501 (Fla. 3d DCA 1984).
Section 561.15(2), Florida Statutes (1981) provides that “[n]o license under the Beverage Law shall be issued to any person who has been ... convicted in the last 15 years of any felony in this state or any other state or the United States.... ” This provision does not allow the Division to exercise any discretion, but requires denial of a license when such a conviction exists. The fact that the crime may not be a felony in this state is irrelevant. What is important is not the label which a state places upon the crime, but whether or not conviction results in a deprivation of civil rights. In re Florida Board of Bar Examiners, 350 So.2d 1072, 1073 (Fla.1977). The crime for which Porto was convicted resulted in a loss of civil rights. Consequently, he should be treated as one who has been convicted of a felony in Florida. Id.
While it is true that section 112.011(l)(b), Florida Statutes (1981) provides for removal of the automatic bar to issuance of a liquor license upon restoration of an applicant’s civil rights, Porto has not had his civil rights restored in either Florida or New York. The Certificate of Relief from Disabilities accomplished only one thing — it removed the automatic bar to obtaining a liquor license in the state of New York. Any relief granted Porto in New York is effective in Florida only if the relief granted in New York, which is discretionary, is as full and complete as is required under section 112.01 l(l)(b). See In re Florida Board of Bar Examiners, 350 So.2d at 1074 (An applicant [for admission to the Florida Bar] convicted of a crime in another state which results in deprivation of his or her civil rights shall become eligible for admission ... upon restoration of those civil rights by the state in which the conviction occurred or by the State of Florida, provided that such restoration is as full and complete as is required to make a Florida felon eligible for admission. [emphasis supplied]) Section 112.011(l)(b) requires a restoration of civil rights before automatic disqualification for a license is removed. The New York certificate did not restore Porto’s civil rights. Therefore, the automatic bar of section 561.15(2) still applies.
To hold otherwise would be to allow the limited, discretionary decisions of a New *1333 York justice and the New York Beverage Division to overrule a Florida statute. New York’s issuance of a liquor license to Porto was a discretionary act which Florida is not required to follow. Comity and full faith and credit do not require us to recognize and enforce a New York judgment of disbarment, or another state’s decision to admit one to its bar. See The Florida Bar v. Wilkes, 179 So.2d 193 (Fla.1965), cert. denied, 390 U.S. 983, 88 S.Ct. 1104, 19 L.Ed.2d 1280 (1968). Neither, then, do those principles require us to recognize and enforce a New York decision to issue a liquor license. Since Porto’s civil rights have not been fully restored in any jurisdiction, we find that the Department of Business Regulation’s automatic denial of his application was correct and affirm.
Affirmed.
JORGENSON, J., concurs.

. New York exercised its discretion in Porto’s favor and allowed him a liquor license.