PER CURIAM.
We have before us the petition of VMF for admission to The Florida Bar. We have jurisdiction pursuant to article V, section 15 of the Florida Constitution and article III, section 4(b), Rules of the Supreme Court Relating to Admission to the Bar.
In 1975, while an undergraduate at Michigan State University, petitioner was arrested and charged with possession and delivery of marijuana arising from his al *1105 leged involvement in a marijuana sales transaction in Ingham County, Michigan. At the time of his arrest on the Ingham County warrant, marijuana was seized from his Clinton County, Michigan apartment. The petitioner was subsequently charged by Clinton County complaint with unlawful possession of marijuana and taken into custody on that charge. Pursuant to the terms of a plea negotiation, the petitioner pled guilty to the Ingham County possession charge, adjudication of guilt was withheld and he was sentenced to one-year probation. An order nolle prosequi was entered on the delivery charge and the Clinton County possession charge was dismissed. Pursuant to the youthful offender provisions of the Michigan Controlled Substances Act, Michigan Compiled Laws section 335.347 (1971), after all conditions of his probation were met the proceedings arising from the Ingham County possession charge were dismissed and all records of the Ingham arrest and proceedings were retained as non-public records for the sole purpose of ascertaining whether the petitioner had once availed himself to the provisions of the act.
In March of 1976, the petitioner received a B.A. from Michigan State University; and in September of 1980, he was awarded a J.D. from Thomas M. Cooley Law School. After passing all parts of the Michigan Bar Examination, the petitioner was certified for admission to the Michigan Bar in October of 1983. In February of 1984, the petitioner applied for admission to The Florida Bar; and as of August of that year successfully completed all parts of The Florida Bar Examination.
Upon the advice of his attorney father the petitioner did not disclose the Michigan arrests or the circumstances surrounding the two incidents as required by item 21(a) of the Florida Bar Application. Item 21(a) of the application requests the following information:
21. In answering the following three parts of this question, you are warned that no statute, court order or legal proceeding withholding adjudication, expunging the information required herein from any record, or dismissing, vacating or setting aside any arrest, accusation or conviction, or purporting to authorize any person to deny the existence of such matters shall excuse less than full disclosure. ...
(a) The following is a complete record of all instances in my entire life in which I have been arrested, given a warning, or token into custody or accused, formally or informally, of the violation of a law for offenses other than traffic violations. Date Place Nature Disposition Amount of Fine
In each case you must attach a complete and detailed explanation of the facts and the subsequent actions token by the authorities.
Information obtained during the Board’s usual background investigation led to an extensive investigation of the circumstances surrounding the Ingham County charges. On the Board’s request, the petitioner filed two amendments to his application “explaining” the details of the Ingham County arrest. In the most detailed of these amendments the petitioner stated:
When I was a college student in Michigan State University, I had a girlfriend who passed some marijuana on to an undercover policeman. I was not involved in the transaction, but since I was in the house at the time I was later token into custody. Since I was working toward going to law school to become a lawyer, I was very concerned about having anything in my record pertaining to this incident. My attorney advised me that, since I had no previous offences (sic) of any kind, I could have the entire incident expunged from my record under section 47 of the Michigan Code.... So following the advice of my attorney, I pled guilty to the charge of possession of a small amount of marijuana, and I was granted section 47 by the judge. The incident was expunged from my record and I hope you will not hold the knowledge of it against me.
*1106 After an informal hearing, at which the petitioner appeared, the Board served specifications alleging that the petitioner had been arrested for possession and delivery of marijuana arising from his involvement in a marijuana sale transaction; that he failed to answer item 21(a) in an attempt to conceal his arrest; and that the petitioner continued his deception 1) by refusing to reveal all the circumstances surrounding the incident in his amendments and 2) by giving false testimony at the investigative hearing. The Board further alleged that the petitioner falsified his Michigan Bar application by answering “no” to a question asking whether he had ever been convicted of a crime. In response, the petitioner denied involvement in a marijuana sales transaction. He admitted that he left item 21(a) blank but maintained that he failed to answer 21(a) on the advice of his attorney who interpreted the Michigan statute as “wiping out” the 1975 arrest proceedings so that no public record existed for any purpose except for the determination of whether there had been a subsequent use of the statute. The petitioner denied that he intentionally attempted to conceal the arrest or the circumstances surrounding it or that he gave false testimony at the investigative hearing. The petitioner maintained that his “no” response on the Michigan Bar application concerning convictions was made in good faith. In his response the petitioner argued that he has rehabilitated himself since the unfortunate incident in 1975. To support his assertions of rehabilitation he submitted affidavits from his father and current employer.
At the first formal hearing, to which the petitioner expressly waived his right to appear, the Board submitted into evidence a copy of the specifications, a copy of petitioner’s answers thereto and a certified copy of the records of the Ingham County proceedings. During the first formal hearing, the Board called Officer Fabiano, the Michigan undercover police officer who conducted the investigation which led to the petitioner's arrest on the Ingham County charges. During Officer Fabiano’s testimony, the Board for the first time was made aware of the Clinton County possession charge and resulting arrest. Based on this new information, the Board served the petitioner with an amendment to the original specifications. The amended specifications alleged that, although he had an adequate opportunity to reveal the Clinton County arrest, he willfully concealed this information from the Board. In response, petitioner maintained that he failed to disclose the Clinton County arrest not to conceal the incident but because it “stemmed from, and was a part of the [Ingham] incident that [he] disclosed to the Board in his statements and answers to item 21(a) ... the two incidents were so directly linked that both were resolved by the action in Ingham County.” Petitioner again emphasized his rehabilitation and waived his right to appear at a second formal hearing. At the second formal hearing the amendment to the specifications, answers thereto, and certified records of the Clinton County possession charge were submitted into evidence.
After considering the evidence submitted at both formal hearings, the Board sustained all the specifications except the specification alleging intentional non-disclosure of the petitioner’s prior conviction on the Michigan Bar application.[1] In its conclusions of law the Board recognized that standing alone, the applicant’s past criminal record would not have mandated a recommendation against admission. However, the Board concluded that the proven specifications evidence “the applicant’s continuing pattern of concealment, deception and dishonesty of recent origin” and establish that he presently fails to meet the standards of conduct and fitness required for admission to The Florida Bar. The Board reasoned:
The applicant has perpetrated frauds upon the Board in his sworn application, *1107 in his two sworn amendments to his application and in his sworn testimony given at an investigative hearing. The applicant’s fraud continued by his non-disclosure to the Board of his second criminal charge. In light of these fraudulent acts, the applicant’s claim of rehabilitation put forth in his answers must be rejected. “Any effort made before the Board [to determine fitness of Bar applicants] to evade full disclosure of all pertinent information concerning the past may be considered by the Board as evidence of lack of full and complete rehabilitation.” In Re Cason [249 Ga. 806], 294 S.E.2d 520, 522, (GA.1982) (citation omitted). The applicant’s conduct throughout his application process is of such a nature as to compel the Board to conclude that the applicant presently fails to meet the standards of conduct and fitness required of an individual before achieving membership in The Florida Bar. The record before the Board establishes the applicant’s lack of candor and his refusal to accept responsibility for his own acts, all of which would jeopardize his dealings with clients. The applicant’s actions convince the Board that he will seek to advance his own interests through concealment and false representations in his dealings with others.
In his petition for admission, the petitioner reasserts his denial of knowing involvement in a marijuana sales transaction and maintains that he at no time intentionally attempted to conceal information concerning his Michigan arrests. He further argues that since the Michigan incident which occurred over ten years ago, he has successfully rehabilitated himself and has presented sufficient evidence that he now possesses the good moral character necessary for admission into The Florida Bar.
After careful review of the petition for admission, the Board’s response thereto, and all the evidence submitted to the Board, we have reached the conclusion that the petitioner should be admitted to The Bar. In its conclusions of law, the Board correctly notes that the 1975 incident standing alone is not sufficient justification for its conclusion that the petitioner currently lacks the good moral character required for admission. After the Michigan drug incident, there is no evidence of further transgressions; it appears the petitioner has since led an exemplary life. The sole basis for the Board’s recommendation against admission is the petitioner’s apparent reluctance to reveal every aspect of the 1975 incident. If petitioner had willingly revealed all the circumstances surrounding the Michigan arrests there is no doubt that the Board should have recommended his admission. See Petition of Diez-Arguelles, 401 So.2d 1347 (Fla.1981).
We emphasize the propriety of the Board’s actions in thoroughly investigating the 1975 arrests and seeking total disclosure from the petitioner. We also wish to stress the fact that we expect no less than absolute candor from a Bar applicant in his dealings with the Board. However, under the facts of this case, although there is adequate evidence in the record to support the Board’s conclusion that the petitioner willfully withheld information, we feel that the delay in admission of over one and one-half years is an adequate price to pay for his reluctance to reveal every aspect of the 1975 incident.
Accordingly, we direct that VMF be admitted to The Florida Bar.
It is so ordered.
MCDONALD, C.J., and ADKINS, BOYD and BARKETT, JJ., concur.
BARKETT, J., concurs specially with an opinion, in which ADKINS, J., concurs.
SHAW, J., concurs in result only.
EHRLICH, J., dissents with an opinion.
OVERTON, J., dissents.

. The Board concluded that item 19(a) of the Michigan application which asks whether an applicant has ever been convicted of a crime could arguably be interpreted to require disclosure of only criminal matters which resulted in an adjudication of guilt.