The defendant was convicted of a murder in the first degree without a recommendation to mercy. He appealed from the judgment and sentence, assigning as cause for reversal the refusal of the trial judge to set aside the verdict and grant a new trial because of the fact that two of the veniremen who sat on the petit jury had theretofore been convicted of crimes constituting felonies and had not been restored to civil rights.
The record reveals that when the members of the general venire from which the trial jury was to be selected were questioned on their voir dire by the trial judge as to whether any of them had ever been convicted of a felony and not duly restored to civil rights, one of the veniremen answered that he had been convicted in the Federal Court of an offense which constituted a felony under the Federal law and had not been restored to civil rights. This venireman was promptly excused by the trial judge from sitting in the case. Other persons in the same venire failed to answer the question propounded by the trial judge but remained silent. Subsequently, a trial jury was selected from the general venire, *Page 861 
and a special venire drawn by the trial judge; and after hearing the evidence the trial jury so selected returned a verdict of murder in the first degree without a recommendation to mercy.
After the rendition of the verdict it was discovered by the defendant and his counsel, for the first time, that two of the trial jurors who had been selected by the defendant from the regular venire, and who had remained silent when questioned by the trial judge as to their previous conviction of crime, had in fact been duly convicted in the Federal Court of crimes against the Federal liquor laws; that these crimes amounted to felonies under the Federal statutes; and that the jurors had never been restored to civil rights.
Within the time allowed by law the defendant moved for a new trial on the ground that the two jurors who sat on the case were disqualified, which fact was not known to the defendant or his counsel prior to the rendition of the verdict, although the defendant and his counsel had made diligent search and inquiry prior to trial in order to ascertain the qualifications of all of the veniremen.
When the motion came on for hearing the state attorney and defense counsel entered into a stipulation which we construe as an agreement on the part of the contending parties that the facts stated in the motion were true; and the motion was presented to the trial judge for a ruling without evidence being taken on the truth of the allegations. After full consideration of the matter the trial judge denied the motion for new trial because of the view "that a conviction of a felony in the Courts of the United States or any other foreign jurisdiction is not a disqualification which prevents the person so convicted from serving upon a jury in the State Courts of this State."
The sole question presented on the appeal is whether the trial judge committed reversible error in denying the motion for new trial upon the grounds stated.
It is the established rule that each state has the power to prescribe the qualifications for jurors to serve in its courts and to determine whether any stated disqualification shall be absolute and not subject to waiver or shall merely constitute a ground of challenge for cause. It is also the rule that alleged grounds for the absolute disqualification of a juror or a challenge for cause, as the case may be, are to be tested by the state's constitutional and statutory provisions on the subject. 31 Am. Jur., Jury, Sec. 53, p. 594; 50 C.J.S., Juries, § 134, page 861.
Section 40.07, Florida Statutes 1941, F.S.A., entitled "Persons Disqualified" provides in subsection 1 thereof: "No person who is under prosecution for any crime, or who has been convicted of bribery, forgery, perjury or larceny, unless such person shall have been restored to civil rights, shall be qualified to be a juror." Section 40.01, Florida Statutes 1941, F.S.A., entitled "Qualifications and disqualifications of jurors" provides in subsection 2 thereof: "General disqualifications. — No person, who shall have been convicted of bribery, forgery, perjury or larceny, or any felony, unless restored to civil rights, shall be qualified to serve as a juror." (Italics Supplied.)
In Section 25, Article XVI of the Florida Constitution, F.S.A., it is prescribed that "The term felony, whenever it may occur in this Constitution or in the laws of the State, shall be construed to mean any criminal offense punishable with death or imprisonment in the State Penitentiary."
When the provisions of sections 40.01 and 40.07 are considered together and construed in the light of the mandatory provisions of section 25, Article XVI of the Constitution, F.S.A., relating to the construction of the term felony — as undoubtedly they must be construed in the absence of legislative language in the statutes involved indicating an intention to give the term felony a broader or different meaning — it will be seen that so far as involvement in crime will be deemed to constitute a disqualification for jury service, the only legislative interdiction against service on a trial jury empanelled pursuant to State law, that no person who is under prosecution for any crime, or who has been convicted of any crime punishable with death, or of bribery, forgery, *Page 862 
perjury, or larceny (wherever the conviction of the foregoing crimes may have been had) or who has been convicted of any other offense punishable with imprisonment in the State Penitentiaryof Florida shall be qualified to serve on a jury in the state court, unless restored to civil rights.
As appears from the record, the crimes for which the two jurors had been convicted previous to the trial of the defendant were not crimes punishable with death, crimes of bribery, forgery, perjury or larceny, or crimes punishable with imprisonment in the State Penitentiary of Florida. Had they been crimes falling in any of these categories the previous convictions of the jurors would have constituted a valid cause of challenge on the ground that the jurors were not qualified. See Sections 40.02(5),913.03, Florida Statutes 1941, F.S.A. But as the matter stood, the previous convictions of the jurors in the Federal Court did not constitute a ground of challenge at all.
The defendant has brought to this court on this appeal only so much of the record of the trial proceedings as directly and specifically relates to the point we have considered, and nothing pertaining to the issues presented to the jury in the case on its merits. We must assume, therefore, that, except for the point argued on this appeal, the defendant was satisfied with the verdict and judgment rendered against him. It follows that the judgment and sentence appealed from should stand affirmed.
It is so ordered.
TERRELL, CHAPMAN and THOMAS, JJ., concur.
ADAMS, C.J., and HOBSON and ROBERTS, JJ., dissent.