ALLEN, Judge.
The appellant challenges an administrative order by which the Department of Business Regulation, Division of Alcoholic Beverages and Tobacco (Division), revoked the appellant’s alcoholic beverage license after three of the appellant’s corporate officers were convicted of federal tax offenses classified as felonies under the laws of the United States. We conclude that the Division’s authority is not constrained by the absence of a similar felony under the laws of Florida, as the revocation of the appellant’s license is prescribed by the provisions of chapter 561, Florida Statutes.
Section 561.15(3) provides for the revocation of an alcoholic beverage license if the licensee would not qualify for the issuance of a new license. See also, section 561.-29(l)(g). And section 561.15(2) precludes the issuance of a license if an officer of a corporate licensee has recently been convicted of “any felony in this state or any state of the United States_” The Division has construed this statutory language as encompassing a felony conviction in another jurisdiction without regard to whether the offense would be classified as a felony under the laws of Florida. We agree that this is a straight-forward and appropriate construction of the statute. As indicated in Guiseppe Pizzeria v. Department of Business Regulation, 472 So.2d 1331 (Fla. 3d DCA1985), under section 561.15(2) it is irrelevant whether the foreign offense would be a felony in Florida.
The appellant contends that this approach does not comport with article X, *546 section 10, Florida Constitution, which describes a felony as an offense “punishable under the laws of this state, or that would be punishable if committed in this state, by death or by imprisonment in the state penitentiary.” In Shields v. Smith, 404 So.2d 1106 (Fla. 1st DCA1981), rev. denied, 412 So.2d 470 (Fla.1982), it was suggested that when the word “felony” appears in this state’s statutes it should be interpreted in connection with the language of article X, section 10. Shields also referred to Rotstein v. Department of Professional and Occupational Regulation, 397 So.2d 305 (Fla. 1st DCA1980), review denied, 402 So.2d 609 (Fla.1981), wherein the court on rehearing relied on the interpretive weight of article X, section 10, as a compelling instrument of statutory interpretation in the absence of statutory language clearly reflecting a broader or different use of the word. See also, Duggar v. State, 43 So.2d 860 (Fla.1949).
Unlike the statutes involved in Shields and Rotstein, section 561.15(2) clearly addresses offenses which are identified as felonies in other jurisdictions, even if they are not so classified in Florida. Article X, section 10, does not limit the legislature’s power to address the licensing consequences of such offenses, or the Division’s authority under the statutory mandate.
The appealed order is affirmed.
ZEHMER and WEBSTER, JJ., concur.