743 So.2d 536 (1998)
Harry P. SCHLENTHER, Appellant,
v.
DEPARTMENT OF STATE, DIVISION OF LICENSING, Appellee.
No. 97-04363.
District Court of Appeal of Florida, Second District.
June 24, 1998.
Rehearing Denied August 31, 1998.
Harry P. Schlenther, pro se.
Michele Guy, Assistant General Counsel, Department of State, Tallahassee, for Appellee.
CAMPBELL, Acting Chief Judge.
Appellant, pro se, challenges appellee's revocation of his concealed weapon permit. We conclude that appellee erred in revoking appellant's concealed weapon permit because appellant's civil rights had been fully restored in Connecticut prior to appellant's move to Florida, and that restoration of appellant's civil rights is entitled to full faith and credit in Florida. Furthermore, once appellant's civil rights were restored by the state that suspended them, the matter was completed, and this State had no authority to suspend or restore those rights here on the basis of that earlier out-of-state suspension.
*537 In 1969, appellant, who was then a Connecticut resident, committed a felony in that state. As a result, the State of Connecticut suspended appellant's civil rights. Four years later, on January 24, 1973, while appellant was still a Connecticut resident, Connecticut restored appellant's civil rights. Later in 1973, appellant moved to Florida, where he has lived continuously ever since. In 1996, appellant applied to appellee for a concealed weapon permit, which was issued in 1997. However, pursuant to an investigation, appellee filed an administrative complaint to revoke appellant's permit. Following an informal hearing, appellant's permit was revoked because he had not sought restoration of his civil rights in Florida pursuant to section 790.23, Florida Statutes (1995).
Under section 790.23, Florida Statutes (1995), a convicted felon is not permitted to carry a concealed weapon. However, there is a statutory exception for those felons whose civil rights and firearm authority have been restored. Although appellant's civil rights and firearm authority had been restored in Connecticut, appellee maintains that section 944.292(1), Florida Statutes (1995), and section 8, article IV of the Florida Constitution work together to require appellant to apply to the Governor of Florida for restoration of his civil rights in this State.
However, our reading of those two provisions leads us to believe that it was never intended that the Governor of Florida would have authority to act in a case such as this, where the individual's civil rights had been suspended and restored by another state, all before the individual arrived in this State. Under these circumstances, we conclude that Florida must give full faith and credit to the Connecticut restoration of appellant's civil rights. See Staluppi v. Dep't of Highway Safety & Motor Vehicles, 688 So.2d 431 (Fla. 1st DCA 1997).
At the time appellant moved to Florida in 1973, he did so in full possession of all civil rights of Connecticut citizenship. He did not arrive here under a disability. To the contrary, he arrived as any other citizen, with full rights of citizenship. Appellant must not now be required, twenty-five years later, to ask this State to restore his civil rights. They were never lost here.
The two provisions that appellee contends require appellant to have his civil rights restored in Florida are section 944.292(1), Florida Statutes (1995), and section 8, article IV of the Florida Constitution. Section 944.292(1), Florida Statutes (1995), provides that, upon conviction of a felony, a person's civil rights are suspended in Florida until they are restored by a full pardon, conditional pardon, or restoration of civil rights under section 8, article IV of the Florida Constitution. Section 8, article IV of the Florida Constitution permits the governor, with the approval of three members of the cabinet, to grant a full or conditional pardon, restore civil rights, commute punishment, and remit fines and forfeitures. It is clear that when these provisions were drafted, it was anticipated that the governor would be granting pardons, commuting punishments and remitting fines and forfeitures for Florida offenders, since the Governor of Florida could not do such things for out-of-state offenders. We believe that the same analysis applies to the restoration of civil rights. Once another state restores the civil rights of one of its citizens whose rights had been lost because of a conviction in that state, they are restored and the State of Florida has no authority to suspend or restore them at that point. The matter is simply at an end.
We conclude that the restoration of appellant's civil rights in Connecticut is entitled to full faith and credit in this State and that appellee erred in revoking appellant's concealed weapon permit. We reverse.
FRANK and GREEN, JJ., concur.