748 So.2d 353 (1999)
Michael W. DOYLE, Appellant,
v.
FLORIDA DEPARTMENT OF STATE, DIVISION OF LICENSING, Appellee.
No. 98-4363.
District Court of Appeal of Florida, First District.
December 22, 1999.
*354 Randall O. Reder of Randall O. Reder, P.A., Tampa, for Appellant.
Robert A. Butterworth, Attorney General, Carolyn M. Snurkowski, Assistant Attorney General, Tallahassee, for Appellee.
ERVIN, J.
Appellant, Michael W. Doyle, appeals the denial of his application for a concealed weapon or firearm permit. Appellee, the Florida Department of State, Division of Licensing (Division), ruled that because Doyle had been convicted of a misdemeanor in New York that would have been a felony if committed in Florida, under Article X, Section 10 of the Florida Constitution,[1] he was not entitled to the permit pursuant to section 790.06(2)(d)[2] and section 790.23(1)(a),[3] Florida Statutes (1997). We cannot agree with the Division's reasoning, and reverse and remand with directions.
Doyle was convicted in New York on March 21, 1975, for the offense of "criminal possession of controlled substance 7th degree ..., a Class A misdemeanor," and "reckless driving." He was sentenced to conditional discharge for possession, and conditional discharge and a $200 fine for reckless driving. We could affirm the permit denial if we were of the opinion that the definition of felony provided in Article X, Section 10 applies without exception to applications for firearm permits. At the time of Doyle's conviction, possession of a controlled substance was classified a felony in Florida;[4] therefore, his New York misdemeanor was an offense "that would be punishable [as a felony] if committed in this state" under Article X, Section 10. See Rotstein v. Department of *355 Prof'l & Occupational Reg., 397 So.2d 305 (Fla. 1st DCA 1980) (on reh'g) (for the purpose of revoking a medical license, the term "felony" in section 458.1201(1)(c), Florida Statutes (1977), excludes a crime committed elsewhere which would not be a felony if committed in Florida, under Article X, Section 10). In our judgment, however, the definition of felony in Article X, Section 10 is qualified by the provisions of sections 790.06(2)(d) and 790.23, which specifically apply to applications for firearm permits.
Section 790.06(2)(d) requires that one's ineligibility to possess a firearm as a result of a felony conviction must be determined "pursuant to section 790.23." There are no provisions in section 790.23[5] which, when read in conjunction with Article X, Section 10, disentitle one to a firearm permit simply based on a conviction in another state of any crime that would be punishable as a felony in this state. Subsection (1)(a) thereof clearly provides that the applicant must either have been "[c]onvicted of a felony or found to have committed a delinquent act that would be a felony if committed by an adult in the courts of this state." (Emphasis added.) Because Doyle was not convicted of a felony in the courts of this state, this subsection obviously has no applicability to the merits of his application. The only other subsection in the statute that could conceivably be applicable is (1)(d), disentitling one to a permit if such person is "[f]ound guilty of an offense that is a felony in another state, territory, or country and which was punishable by imprisonment for a term exceeding 1 year." (Emphasis added.) Doyle was found guilty of a misdemeanor in the state of New York, not a felony; accordingly, this provision is also inapplicable.
Reading the provisions of section 790.23(1) together reveals that the legislature intended to prohibit weapon possession by any person who has been actually convicted of a felony, or convicted as a juvenile of an offense that would actually have been a felony if committed by an adult. The provisions cannot reasonably be applied to misdemeanors that are committed in a sister state, regardless of whether such misdemeanors would have constituted felonies if committed in Florida. Article X, Section 10 does not require us to disregard the plain language of sections 790.06(2)(d) or 790.23. See McCoy Restaurants, Inc. v. Department of Bus. Reg., Div. of Alcoholic Beverages & Tobacco, 616 So.2d 545 (Fla. 1st DCA 1993).
Our construction is underscored by section 790.23(2), which provides that the statute does not apply to a person convicted of a felony whose civil rights have been restored. In our judgment, if section 790.23 does not apply to a person whose civil rights have been restored, it certainly *356 cannot apply to a person whose civil rights were never suspended, as in the case of one convicted only of a misdemeanor. The Second District's opinion in Schlenther v. Division of Licensing, 743 So.2d 536 (Fla. 2d DCA 1998), review denied, 729 So.2d 390 (Fla.1999), supports our decision. There, the Division denied an application for a concealed-weapon permit upon evidence showing that the applicant had previously been convicted of a felony in Connecticut, but that his civil rights had later been restored in that state. Relying on the provisions of section 790.23(2), the Division required that the applicant first obtain restoration of his civil rights by the Governor of Florida before his application could be considered. In reversing the order of denial, the Second District held that once a sister state has restored a person's civil rights, Florida was required to give full faith and credit to the restoration of such rights, and had no authority "to suspend or restore them at that point." Id., 743 So.2d at 537.
In the case at bar, the hearing officer found that Doyle had not presented any evidence disclosing "that his civil rights and right to possess or bear firearms has been restored in the State of Florida." On the contrary, Doyle could not present proof that his civil rights had been "restored," because they had never been suspended in the state where he had been convicted.[6]
The governor of Florida has neither the power to restore the civil rights of out-of-state offenders which have already been restored by another state, nor the authority to restore the civil rights of those whose rights were never suspended by another jurisdiction. Similarly, the Division lacks the authority to deny a permit to an applicant whose civil rights remain intact.
REVERSED and REMANDED with directions that the application for a concealed-weapon or firearm permit be granted.
BARFIELD, C.J., and WOLF, J., CONCUR.
NOTES
[1] Article X, Section 10, provides:

SECTION 10. Felony; definition.The term "felony" as used herein and in the laws of this state shall mean any criminal offense that is punishable under the laws of this state, or that would be punishable if committed in this state, by death or by imprisonment in the state penitentiary.
(Emphasis added.)
[2] This section requires the Division to issue a license to carry a concealed weapon if, among other things, the applicant "[i]s not ineligible to possess a firearm pursuant to s. 790.23 by virtue of having been convicted of a felony."
[3] Section 790.23(1)(a) prohibits firearms possession by any person "[c]onvicted of a felony or found to have committed a delinquent act that would be a felony if committed by an adult in the courts of this state."
[4] The record indicates that Doyle was in possession of marijuana. Section 893.13(1)(e), Florida Statutes (1975), made possession of a controlled substance a third-degree felony, but subsection (f) provided that first-offense possession of not more than five grams of cannabis was a first-degree misdemeanor. Although the record is not clear as to the quantity of marijuana that Doyle possessed, we assume that if this was a first offense, he must have been in possession of more than five grams, because Doyle does not dispute that his New York offense would have been a felony under Florida law.
[5] Section 790.23 provides:

(1) It is unlawful for any person to own or to have in his or her care, custody, possession, or control any firearm or electric weapon or device, or to carry a concealed weapon, including a tear gas gun or chemical weapon or device, if that person has been:
(a) Convicted of a felony or found to have committed a delinquent act that would be a felony if committed by an adult in the courts of this state;
(b) Convicted of or found to have committed a crime against the United States which is designated as a felony;
(c) Found to have committed a delinquent act in another state, territory, or country that would be a felony if committed by an adult and which was punishable by imprisonment for a term exceeding 1 year; or
(d) Found guilty of an offense that is a felony in another state, territory, or country and which was punishable by imprisonment for a term exceeding 1 year.
(2) This section shall not apply to a person convicted of a felony whose civil rights and firearm authority have been restored, or to a person found to have committed a delinquent act that would be a felony if committed by an adult with respect to which the jurisdiction of the court pursuant to chapter 39 has expired.
(3) Any person who violates this section commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(Emphasis added.)
[6] N.Y. Civil Rights Law § 79 (McKinney 1999), provides that civil rights are suspended for felony convictions, not misdemeanors:

... a sentence of imprisonment in a state correctional institution for any term less than for life or a sentence of imprisonment in a state correctional institution for an indeterminate term, having a minimum of one day and a maximum of natural life, forfeits all the public offices, and suspends, during the term of the sentence, all the civil rights, and all private trusts, authority, or powers of, or held by, the person sentenced.