PER CURIAM.
This matter is before the Court upon the petition of L.K.D. for admission to The Florida Bar and the response of the Florida Board of Bar Examiners thereto. We have jurisdiction pursuant to Article V, section 15, Florida Constitution, and Article IV, section 20(a), Rules of the Supreme Court Relating to Admissions to the Bar. After a careful review of the petition, the response, the entire transcript of the informal and formal hearings, and the other documents which make up the record in this cause, and after hearing oral argument of the parties, we determine that the petition should be granted.
*674 In September, 1977, petitioner allegedly stole clothing from “The Etc. Store” in Tallahassee. No criminal charges were brought for this incident. Petitioner was later charged with shoplifting from the same store on January 30, 1978. A jury acquitted petitioner of that charge in May, 1978.
L.K.D. received her Juris Doctor degree from Florida State University College of Law in March, 1978, and subsequently passed all parts of the Florida Bar Examination. At the Board’s invitation, petitioner attended an informal hearing on November 10,1978, concerning her fitness to practice law. After the informal hearing the Board served specifications on petitioner alleging her unfitness for admission. She answered, denying all allegations, and requested a formal hearing. She also filed a motion to dismiss the specifications on the basis of In re Florida Board of Bar Examiners, 183 So.2d 688 (Fla.1966).
After a formal hearing on February 9, 1979, the Board entered these findings:
1. That on or about September, 1977, and again on or about January 30, 1978, while she was enrolled as a law student at Florida State University College of Law, she obtained or used or attempted to obtain or use an item of clothing which was the property of a retail clothing store doing business as “The Etc. Store” in Tallahassee, Florida, without paying for the garments.
2. That she executed and filed with the Board an amendment to her application which was sworn to on or about April 12,1978, in which she denied having stolen an item of clothing from “The Etc.” retail clothing store, knowing said amendment to be false.
3. That she testified falsely under oath at an informal hearing held before a division of the Board on November 10, 1978, in that she denied having stolen any item of clothing from “The Etc.” retail store on any occasion.
4. That she testified falsely under oath at the criminal proceeding held May 22, 1978, in a case styled State of Florida v. [L.D.], before the County Court in and for Leon County, Florida, in that she denied having stolen any item of clothing from “The Etc.” clothing store at any time.
The Board also denied the motion to dismiss on these grounds:
Prior to the taking of testimony the Board heard argument from counsel for the applicant on the motion to dismiss the Specifications. In consideration of that motion, the Board is mindful of the fact that the applicant was previously accused and tried before the County Court for Leon County, Florida, in 1978 on a charge of petty larceny. The act of which she was accused in the criminal proceeding is included in the allegations contained in Specification No. 1. The Board has carefully considered the applicant’s acquittal in the criminal proceeding, but does not view that acquittal as a bar to these proceedings. Moreover, the allegations contained in the Specifications involve matters over and beyond the shoplifting incident of January 30, 1978 which was the subject of the criminal proceeding. Additionally, the burden of proof required for conviction in a criminal proceeding is substantially greater than the burden applicable to this proceeding. Accordingly, the applicant’s motion to dismiss is hereby denied'.
Based upon their findings of fact and conclusions of law, the Board recommended that petitioner not be admitted to The Florida Bar.
By her petition L.K.D. maintains that the findings of fact and conclusions of law by the Board are erroneous. She asserts: (i) that the circumstantial evidence concerning the event of September, 1977, is insufficient to support the finding that petitioner “obtained or used or attempted to obtain or use” an item of clothing without paying for the article; (ii) that the evidence concerning the event of January, 1978, is conflicting, weak and insufficient to support the finding that “she obtained or used or attempted to obtain or use” an item of clothing without paying for the same, in the face *675 of a jury’s acquittal of the same charge; and (iii) that the Board failed to give proper weight to evidence of good character submitted at the formal hearing through live testimony and affidavits.
First, we address petitioner’s motion to dismiss, predicated on this Court’s decision in In re Florida Board of Bar Examiners, 183 So.2d 688 (Fla.1966). In that decision the Court held that a conviction of petty larceny would not deprive an individual of his or her right to be admitted to The Florida Bar if otherwise qualified, although the conviction may be taken into consideration in the overall measure of character.
Petitioner urges that the insufficiency of the evidence linking her to any larcenous conduct in 1977 leaves only the Board’s evaluation of the facts surrounding the 1978 incident as a basis for the Board’s conclusion that she is unfit to be an attorney. She suggests, therefore, that in the face of her exclusively favorable character evidence, our 1966 decision loses all meaning if the acquittal of a petty larceny charge can alone support rejection from the bar. This argument is persuasive, and it influences our ultimate decision here, for we agree completely that evidence of the 1977 incident is so insubstantial that it must be disregarded altogether. Nonetheless, we consider that it was within the Board’s power to defer a summary dismissal of its specifications until conclusion of the formal hearing on petitioner’s character and then, consistent with the Board’s ultimate ruling against petitioner, to deny the motion to dismiss. From this petitioner suffers no prejudice, for the correctness of the Board’s ultimate ruling is before us and we need not dwell independently on the technical correctness of the Board’s ruling on petitioner’s motion to dismiss.
Logically, we must next consider the effect of petitioner’s jury acquittal of the 1978 larceny charge as it bears on the Board’s fact-finding responsibilities. The Board was correct in noting that the standard of proof in a bar admission proceeding does not require the establishment of facts beyond and to the exclusion of every reasonable doubt, as required in the criminal proceedings. Counsel for petitioner concedes this point, but nevertheless asserts that, even applying a lesser standard, the circumstantial evidence surrounding both events is insufficient to establish that petitioner purloined the article of clothing. The Board reached its independent conclusion on these incidents, it notes, after having “carefully observed the demeanor of each witness, their frankness or lack of frankness, their intelligence, their interest, if any, in the outcome of this proceeding, their ability to remember the matters about which they testified and the reasonableness of their testimony considered in the light of all the evidence in the proceeding.” In short, the Board discharged its responsibility by conducting its own fact-finding trial, using a lesser standard of proof than the criminal jury’s.
The fact that the Board heard live testimony, however, does not insulate its fact-finding from review here in a somewhat more detailed manner than is usual in an appellate review of a jury finding. Unlike that latter situation, the Board’s “trial” does not preclude us from reviewing the factual underpinnings of its recommendation, based on an independent review of the record developed at the hearings. See Florida Board of Bar Examiners re Groot, 365 So.2d 164 (Fla.1978); Florida Board of Bar Examiners re G. W. L., 364 So.2d 454 (Fla.1978).
It is from our close evaluation of the record that we are compelled to conclude that the Board’s findings with regard to the 1977 incident are not supported with competent evidence, and that the Board’s findings with regard to the 1978 incident, even though somewhat supported in the record, are not alone sufficient to bar petitioner’s admission to the practice of law in light of the substantial, unrefuted, other evidence of petitioner’s good character. See In re Florida Board of Bar Examiners.
Additional adverse findings were made by the Board, of course. The second and fourth stem from petitioner’s persistent *676 protestation of her innocence of wrongdoing before or at her criminal trial. Obviously, these add nothing at all to her character analysis. Similarly, the third additional adverse finding lacks independent significance in evaluating petitioner’s character as it flows, cumulatively, from the Board’s conclusion that petitioner was in fact guilty of the alleged larceny charges.
Petitioner’s jury acquittal, while not binding on the Board or on this Court in reaching conclusions regarding the alleged incident of theft itself, has special significance with regard to the Board’s conclusion that petitioner lied three times in asserting her innocence. That is, the jury’s conclusion vindicated petitioner’s declaration of innocence of the crime charged before and at the jury trial. Her acquittal would continue to justify her protestation of innocence at her subsequent Board hearing, even though the Board might have thought it advantageous to make a showing of repentance.
We conclude that petitioner has carried her burden of demonstrating good character, and has shown a present fitness to enter the practice of law. Her petition for admission is granted.
It is so ordered.
ADKINS, BOYD, OVERTON and ENGLAND, JJ., concur.
SUNDBERG, C. J., dissents with an opinion, with which ALDERMAN, J., concurs.
McDONALD, J., dissents.