PER CURIAM.
D.M.J. petitions the Court for review of the recommendation of the Florida Board of Bar Examiners that his application for admission to The Florida Bar be denied. We have jurisdiction pursuant to article V, section 15, Florida Constitution.
In 1979, petitioner was charged with conspiracy to import cocaine. According to the allegations, petitioner and his cousin arranged to have cocaine flown from Columbia, South America, to a Georgia airstrip. Petitioner’s involvement was to install a radio in the airplane for communication with the pilot and to travel with his cousin to Georgia where the cocaine was to be picked up. Petitioner was tried and acquitted.
In an investigative hearing before the Board of Bar Examiners, petitioner admitted the acts that furthered the conspiracy but claimed that his participation was un *1050 wittingly done. He claimed his cousin told him, and he believed, that they were arranging a hunt for sunken treasure, that the airplane was for the purpose of scouting for the treasure site, and that the trip to Georgia was to find a suitable air base from which to conduct the treasure hunt.
After investigative and formal hearings, the Board found that five specifications had been proved: (1) Petitioner knowingly participated in the criminal conspiracy to import cocaine; (2) petitioner gave false testimony at the investigative hearing when he testified that he had no knowledge of the importation scheme; (3) petitioner failed to disclose on an employment application that he attended the University of Mississippi from which he was dismissed for scholastic reasons and falsely stated that his major courses at Memphis State University were engineering; (4) petitioner falsely stated on his application for admission to law school the reasons for his dismissal from the University of Mississippi and failed to disclose that he attended East Carolina University; and (5) petitioner displayed financial irresponsibility by failing to satisfy a judgment obtained against him in 1981 until 1986.[1]
The Board found that petitioner’s evidence of good character did not establish his rehabilitation and recommended that the application for admission be denied.
In response to the instant petition for review, the Board noted that its finding that petitioner lacked candor in his testimony at the investigative hearing conflicted with Florida Board of Bar Examiners re L.K.D., 397 So.2d 673, 676 (Fla.1981) (Bar applicant’s jury acquittal on shoplifting charges justified her protestation of innocence at subsequent Board hearing). The Board urged the Court to overrule or recede from L.K.D. We declined to do so and sent the matter back to the Board for reevaluation without consideration of that finding. Thereafter, the Board concluded that Specification 1 (guilt of the drug conspiracy charges) was disqualifying in and of itself or in conjunction with the remaining specifications. The Board concluded that the evidence was insufficient to establish rehabilitation by a clear and convincing standard. The Board again recommended denial of petitioner’s application.
The Board is not bound by a jury’s acquittal of criminal charges but may conduct its own fact-finding trial upon a lesser standard of proof than that of a criminal jury. L.K.D., 397 So.2d at 675. The Board’s determination that the petitioner knowingly participated in the drug conspiracy is supported by competent, substantial evidence.
We do not take lightly the Board’s determination that petitioner committed such a serious offense. Such conduct may provide the basis for denying one the privilege to practice law. However, the rules do not bar the admission of previously convicted persons if they demonstrate that they currently meet the standards of conduct and fitness. In re Petition of Diez-Arguelles, 401 So.2d 1347, 1349 (Fla.1981). The nature and seriousness of the offense are to be weighed against the evidence of rehabilitation.
Upon our review of the record, we conclude that the petitioner should be admitted to the Bar. The evidence of good character presented by the petitioner was sufficient to demonstrate his rehabilitation. Petitioner presented numerous character witnesses whose testimony was highly favorable and uncontroverted. The judge for whom he clerks gave petitioner his highest unqualified recommendation for admission to the Bar and testified as to his very high and very favorable impression of petitioner’s character and ability. Two Florida attorneys who have known petitioner for many years recommended him for admission without hesitation, as did an attorney for whom petitioner previously clerked. Petitioner submitted affidavits of two of his former law school professors who attested to his outstanding legal ability, hon *1051 esty, generosity, and integrity. Witnesses testified that, to their knowledge, petitioner has no involvement with drugs. Various witnesses testified or submitted affidavits regarding petitioner’s outstanding charitable work over the past several years for the Civil Air Patrol and the Kiwanis Club. Finally, we note that the offense in question occurred more than twelve years ago, and there is no indication of conduct which would warrant disqualification since that time. Accordingly, we find that petitioner has demonstrated that he currently meets the standards of conduct and fitness and we direct that he be admitted to The Florida Bar.
It is so ordered.
SHAW, C.J. and OVERTON, McDonald, BARKETT, KOGAN and HARDING, JJ., concur.
GRIMES, J., dissents with an opinion.
GRIMES, Justice,
dissenting.
Participation in the importation of drugs is serious misconduct which justifies the denial of the privilege to practice law. The six-member panel of the Board of Bar Examiners unanimously concluded that petitioner’s “presentation of evidence was insufficient to establish his rehabilitation in a clear and convincing manner as required by Article III, Section 4.c. of the Rules of the Supreme Court of Florida Relating to Admissions to the Bar.” I am unwilling to substitute my judgment for that of the Board in its recommendation that petitioner not be admitted to The Florida Bar.

. The Board concluded that Specifications 3, 4, and 5 were not disqualifying in and of themselves.