HARDING, Justice,
concurring.
I write separately to address the issue of breach of public trust raised in the dissenting opinions. While I do not condone J.A.S.’s former narcotics use, I note that there was no evidence that J.A.S. used his position as a police officer to obtain narcotics. He was a police officer who had an addiction problem and was dismissed from the police force because of that addiction. He subsequently sought professional help for his addiction, has not used narcotics since 1988, and has abstained from alcohol since January 1992.
The dissenting opinions find J.A.S.’s “violation of the public trust” to be the dispositive issue in their determination that he not be admitted to the Bar. In fact, the Board did not base its recommendation of nonadmission on a breach of public trust. Although the Board found that J.A.S. “presented some proof of rehabilitation from some of his prior misconduct, he has not proven that he has rehabilitated himself from his inability to tell the truth.” The Board cites one inconsistency in J.AS.’s testimony at the investigative and formal hearings as evidence of his lack of rehabilitation from an inability to tell the truth. In the investigative hearing, J.A.S. stated that he had arrested individuals for narcotics possession from “time to time.” At the formal hearing, J.A.S. stated that he did not “recall ever arresting anybody for narcotics other than maybe this one incident. I was a patrol officer. We had narcotics officers. The only time I would come across narcotics is, you know, in a motor vehicle stop if I did.”
I agree with the majority that this minor testimonial discrepancy does not evidence a lack of rehabilitation in J.A.S.’s ability to tell the truth. The investigative hearing testimony cited by the Board was in the context of an inquiry about how J.A.S. felt about enforcing the law against others when he was breaking it himself by using narcotics.
As this Court has stated previously, “[t]he nature and seriousness of the offense are to be weighed against the evidence of rehabilitation.” Florida Bd. of Bar Examiners re D.M.J., 586 So.2d 1049, 1050 (Fla.1991). In we found that the evidence of good character presented by the petitioner was sufficient to demonstrate that he met the standards of conduct and fitness required for admission to the Bar, even though the petitioner had participated in a conspiracy to import drugs. Id. at 1050-51.
In this case, even the Board recognized that J.A.S. presented “proof of rehabilitation from some of his prior misconduct.” While we are required to and do give the Board’s findings great weight, I find that J.A.S. has presented the same type of overwhelming evidence of rehabilitation that this Court found dispositive in D.M.J. See majority op. at 516. Moreover, J.A.S.’s admission to the Bar is conditioned upon his continued participation in the FLA program for the next three years. When that conditional period is successfully completed, J.A.S. will have abstained from alcohol for six years and drugs for ten years.
OVERTON, KOGAN and ANSTEAD, JJ., concur.