PER CURIAM.
This case is before the Court on the petition of William Castro seeking review of the Florida Board of Bar Examiners’ Findings of Fact, Conclusions of Law, and Recommendation on his application for admission to The Florida Bar. We have jurisdiction. See art. V, § 15, Fla. Const. For the reasons expressed below, we approve the Board’s action regarding Castro’s application and permanently deny him admission to the Bar.
BACKGROUND
William Castro was admitted to The Florida Bar in 1981 and practiced law as a criminal defense attorney. He was later charged and convicted in federal court on several felony charges, including bribery. As a result of his criminal conviction, in April 1994 the Court entered an order suspending Castro from the practice of law in Florida, and ultimately disbarred him in November 1998, effective, nunc pro tunc, May 12, 1994, and prohibited him from seeking readmission for a period of ten years. See Fla. Bar v. Castro, 728 So.2d 205 (Fla.1998).
In December 2007, Castro executed an application for readmission to the Bar. He has successfully completed all portions of the Florida Bar Examination. However, during its background investigation, the Board identified certain information that reflected adversely on Castro’s character and fitness. Following an investigative hearing, the Board served Castro with three Specifications. Castro filed an answer to these Specifications. A public formal hearing was held in July 2010.
Specification 1 concerns Castro’s criminal charges and conviction. It alleges that in 1988, Castro was approached by Judge Roy Gelber, who had the authority to appoint him as a court-appointed defense attorney for defendants appearing in Judge Gelber’s courtroom. Judge Gelber offered to give Castro numerous court appointments as a “Special Assistant Public Defender” in exchange for a percentage of the money Castro earned from the appointments. Castro agreed to participate in this arrangement. He was later charged in federal court with one count of conspiracy to commit racketeering, twenty-seven counts of mail fraud, and one count of bribery. Castro was convicted of the charges (except he was acquitted on one count of mail fraud). On March 17, 1994, he was sentenced to serve thirty-seven months in prison, followed by three years of supervised release. Castro has served his sentence, and his civil rights were restored in 2006. Castro admitted the allegations contained in Specification 1. Accordingly, the Board found these allegations were proven and were individually disqualifying for admission to The Florida Bar.
Specification 2 concerns Castro’s suspension and disbarment. On April 12, 1994, this Court initially entered an order *701 suspending Castro from the practice of law. Later, the Bar filed a formal Complaint against him alleging the following violations of the Rules Regulating the Florida Bar (Bar Rules): 4-3.5(a) (a lawyer shall not seek to influence a judge, juror, prospective juror, or other decision maker except as permitted by law or the rules of court); 4-8.4(b) (a lawyer shall not commit a criminal act that reflects adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer); 4-8.4(c) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); 4-8.4(d) (a lawyer shall not engage in conduct in connection with the practice of law that is prejudicial to the administration of justice); and 4-8.4(f) (a lawyer shall not knowingly assist a judge or judicial officer in conduct that is in violation of applicable rules of judicial conduct or other law). In August 1998, Castro submitted a Conditional Guilty Plea for Consent Judgment. Following the consent judgment, on November 12, 1998, the Court entered an order disbarring Castro from the practice of law with a ban on seeking readmission for ten years effective, nunc pro tunc, May 12, 1994. Castro also admitted the allegations in Specification 2. The Board found these allegations were proven and were individually disqualifying for admission to the Bar.
In Specification 3, the Board alleged that Castro’s Conditional Guilty Plea for Consent Judgment included certain false or misleading statements. However, the Board found that these allegations were not proven.
In his answer to the Specifications, Castro pled the affirmative defense of rehabilitation. He presented substantial evidence in this regard, including twenty-three witnesses who testified on his behalf at the public formal hearing. Castro also testified at the hearing. He estimated that he has dedicated about 13,300 hours to community service over the last eighteen years. He has participated in a variety of community service activities, including volunteer work with his church; teaching confirmation classes; serving as a foster parent and as a member of a foster care review panel; working as a Guardian ad Litem in the Criminal Law Project; and organizing a Continuing Legal Education series for the Bar called, “My Faith in Practice.”
Based on the evidence and testimony presented at the formal hearing, the Board found that the allegations in Specification 1 and 2 were proven, and were individually disqualifying from readmission to the Bar. The Board also found that Castro’s presentation failed to mitigate the seriousness of his misconduct. In particular, the Board noted the “egregious nature” of Castro’s actions, stating, “The applicant’s criminal actions covered an extended period of time and involved multiple kickbacks to a judge.” Accordingly, the Board concluded “that no amount of rehabilitation will ever suffice to allow the applicant’s readmission to the Florida legal profession that he dishonored when he participated in the corruption of the judicial system that he had sworn as an officer of the court to respect and uphold.” The Board recommends that Castro be permanently precluded from seeking readmission to The Florida Bar. Castro has petitioned this Court for review.
ANALYSIS
In a Bar admission proceeding, the burden is upon the applicant to demonstrate his or her good moral character. See Fla. Bd. of Bar Exam’rs re H.H.S., 373 So.2d 890, 891 (Fla.1979). We have previously held that disbarment alone is disqualifying for admission to the Bar unless an applicant can show clear and con *702 vincing evidence of rehabilitation. See Fla. Bd. of Bar Exam’rs re Papy, 901 So.2d 870, 872 (Fla.2005). In determining whether an applicant has sufficiently demonstrated rehabilitation, the “nature and seriousness of the offense are to be weighed against the evidence of rehabilitation.” Fla. Bd. of Bar Exam’rs re M.L.B., 766 So.2d 994, 996 (Fla.2000) (quoting Fla. Bd. of Bar Exam’rs re D.M.J., 586 So.2d 1049, 1050 (Fla.1991)). Thus, the “more serious the misconduct, the greater the showing of rehabilitation that will be required.” Fla. Bd. of Bar Exam’rs re J.J.T., 761 So.2d 1094, 1096 (Fla.2000).
Here, the Board determined that no amount of rehabilitation would ever be sufficient to warrant readmitting Castro to the Bar. We agree. As a member of the Bar in this state, Castro had an obligation to respect and uphold the judicial system and the legal profession. He violated this obligation when he participated in a scheme involving bribery and kickbacks to a sitting judge. This type of misconduct, involving corruption within the legal system, is particularly egregious. It is clear that since his criminal conviction and disbarment, Castro has engaged in thousands of hours of community service, benefiting both his church and the legal community as a whole, in an effort to show his rehabilitation. While his commitment to community service is admirable, we agree with the Board’s conclusion that no demonstration of rehabilitation would ever suffice to allow Castro’s readmission to the legal profession. Cf. Fla. Bd. of Bar Exam’rs re W.F.H., 933 So.2d 482 (Fla.2006) (“[T]he total circumstances and underlying facts of the instant case, which involve misconduct by a sworn law enforcement officer, are so egregious and extreme, and impact so adversely on the character and fitness of W.F.H., that the recommendation of the Florida Board of Bar Examiners must be approved. We further conclude that under the totality of the circumstances, the grievous nature of the misconduct mandates that W.F.H. not be admitted to the Bar now or at any time in the future.”)
CONCLUSION
Accordingly, for the reasons discussed above, we approve the Board’s Findings of Fact, Conclusions of Law, and Recommendation, and permanently deny William Castro admission to The Florida Bar.
It is so ordered.
CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and PERRY, JJ., concur.
PARIENTE, J., specially concurs with an opinion.