PER CURIAM.
This case is before the Court on the petition of Daniel Mark Zavadil seeking review of the Florida Board of Bar Examiners’ Findings of Fact, Conclusions of Law, and Recommendation, which recommends that Zavadil’s admission to The Florida Bar (Bar) be revoked pursuant to rule 5-14 of the Rules of the Supreme Court Relating to Admissions to the Bar (Bar Admissions Rules). We have juris *551 diction. See art. V, § 15, Fla. Const. For the reasons discussed below, we approve the Board’s recommendation and revoke Zavadil’s admission.
BACKGROUND
Zavadil filed an application for admission to the Bar in July 2007. In section C of his application Zavadil acknowledged an obligation to keep his responses to the application questions current, complete, and correct by timely filing an amendment to the application. The application states that “an Amendment to Application is timely when filed within 30 days of any occurrence that would change or render incomplete any answer to any question on the application.”
Zavadil successfully completed all portions of the Florida Bar Examination. However, the background investigation conducted by the Florida Board of Bar Examiners (Board) revealed information that reflected adversely on Zavadil’s character and fitness, and the Board requested that he appear for an investigative hearing. Following the March 2009 hearing, the Board decided to defer further consideration of Zavadil’s application, and it requested that he submit a twenty-five page brief on legal ethics. Zavadil submitted the brief as required. On May 4, 2009, Zavadil took the oath of admission and was sworn in to the Bar.
Subsequently, on April 26, 2010, the Board sent Zavadil a notice to appear for an additional investigative hearing, pursuant to Bar Admissions Rule 5-14. Rule 5-14 authorizes the Board to initiate proceedings to revoke an applicant’s admission if it determines that a “material misstatement or material omission” occurred in the application process. Zavadil appeared for the investigative hearing in July 2010. Following the hearing, the Board determined that five specifications should be filed. Zavadil filed an answer to the specifications, and a formal hearing was held in July 2011.
Specification 1 concerns Zavadil’s response to question 24.e on the Florida Bar Application. That question asks: “Has any grievance, charge or complaint, formal or informal, ever been made or filed or proceedings instituted against you resulting from your practice of any profession, occupation, or engagement in any business?” If the answer to the question is “yes,” the applicant is required to state the date, the nature and facts of the complaint or charge, and the disposition of the matter. At the time he submitted his Bar application in 2007, Zavadil answered “[n]o” to this question. However, pursuant to section C of the application, Zavadil was required to file an amendment to the application within thirty days of any event that would change his answer to any question on the application. The Board alleged that on November 18, 2008, while Zavadil was working as a police officer for the City of Fort Lauderdale (City), he received a letter (November 2008 letter) from the Chief of Police, notifying him that he would be suspended for three days, effective in January 2009. In the letter, the Chief of Police explained that the bases for the suspension were “deficiencies” in Zavadil’s performance and conduct reported by his supervisor. Specifically, the letter stated that the supervisor noted discrepancies, omissions, and misinformation in Zavadil’s reports, as well as a pattern of “misrepresenting the facts in order to shift responsibility for [his] identified deficiencies.” The November 2008 letter also reflected that Zavadil’s performance did not improve after corrective instructions, formal training, and two separate performance plans. As a result, Zavadil’s supervisor reported that Zavadil engaged in “unsatisfactory performance,” *552 in violation of police department policies and procedures. The Board alleged that Zavadil committed a material omission in the application process, in that he failed to timely amend his answer to question 24.e to disclose to the Board that a complaint or charge had been filed against him.
Also in specification 1, the Board alleged that Zavadil filed a complaint for injunc-tive and declaratory relief in the circuit court, challenging the suspension referenced in the November 2008 letter. As a result of that action, Zavadil’s three-day suspension was rescinded by the City. The Board alleged that Zavadil failed to amend his answer to question 24.e to disclose the final disposition of the complaint or charge against him.
In his answer to the specifications, Zava-dil admitted that he received the November 2008 letter and that he filed the complaint seeking injunctive relief. However, Zavadil denied that he was required to disclose these events to the Board pursuant to question 24.e. After considering the evidence presented at the formal hearing, the Board determined that the allegations in specification 1 were proven and collectively disqualified Zavadil for admission to the Bar.
Specification 2 concerns question 16.b on the Florida Bar Application. That question asks whether the applicant has ever been the plaintiff or petitioner in any court proceeding. The Board alleged that Zava-dil filed a complaint for injunctive and declaratory relief in the circuit court, challenging the suspension referenced in the November 2008 letter. The circuit court issued a temporary injunction, enjoining the City from taking disciplinary action against Zavadil until he was afforded a full hearing on the merits, and the City later rescinded the suspension. The Board alleged that Zavadil made material omissions in the application process by failing to amend his answer to question 16.b to disclose these events to the Board. Zava-dil has admitted that he did not timely amend his Bar application to disclose this information. However, he contends that his failure to do so was not a material omission. The Board found that the allegations in specification 2 were proven and were collectively disqualifying.
Specification 3 concerns Zavadil’s appearance at an investigative hearing before the Board on March 13, 2009, prior to his admission to the Bar. The Board alleged that the notice to appear for the hearing again advised Zavadil of his obligation to keep his responses to questions on the Bar application current. Despite receiving this notice, the Board alleged that Zavadil failed to amend his answers to questions 24.e and 16.b. Also in specification 3, the Board asserted that during the investigative hearing, Zavadil did not disclose the November 2008 letter or the complaint for injunctive relief. Neither did he seek to amend his answers to questions 24.e or 16.b at the time he submitted his ethics brief. In his answer to the allegations in specification 3, Zavadil adopted his responses to specifications 1 and 2. He also asserted that he truthfully answered all questions asked of him at the investigative hearing and that his brief on legal ethics was drafted in accordance with the Board’s instructions. The Board found the allegations in specification 3 were proven and were collectively disqualifying.
Specification 4 concerns question 12.a on the Bar application. That question asks whether the applicant has ever been discharged or suspended from any employment. The Board alleged that on March 30, 2009, while still working as a police officer, Zavadil received a memorandum (March 2009 memorandum) from the Chief of Police, notifying him that he was relieved from patrol duty with pay, effective *553 immediately. The memorandum provided that while relieved of duty, Zavadil was not permitted to take any official police action, work any off-duty employment, wear a police uniform, be armed, or operate a police vehicle. The Board alleged that Zavadil committed a material omission in the application process by failing to timely amend his answer to question 12.a to disclose that he had been suspended from duty with pay. In his answer to the specifications, Zavadil argued that a “relief of duty” is not considered an employment disciplinary action. After considering the evidence presented at the formal hearing, the Board found that the allegations in specification 4 were proven and were collectively disqualifying.
The final specification, specification 5, concerns the application amendment filed by Zavadil on May 5, 2010, after the Board initiated these proceedings to revoke his admission. In the amendment to application, Zavadil stated: “In an effort to make complete and full disclosure, of events which occurred prior to my admission to the FL Bar, I wish of my own volition, to update question 16.b. of my application [to disclose the Complaint for Injunctive and Declaratory Relief in the circuit court].” (Emphasis added.) The Board alleged that the emphasized statement is false, misleading, or lacking in candor, in that Zavadil only filed the amendment in response to the Board’s April 2010 notice to appear for an investigative hearing pursuant to Bar Admissions Rule 5-14. In his answer to the specifications, Zavadil denied that he was compelled by the Board to amend his Bar application. However, the Board determined that the allegations in specification 5 were proven and were collectively disqualifying.
Also in his answer to the specifications, Zavadil pleaded the affirmative defense of rehabilitation. In addition to testifying on his own behalf at the formal hearing before the Board, he presented eight character letters and called two witnesses to testify. Regarding Zavadil’s testimony, the Board found: “[T]he Board had the opportunity to observe firsthand [Zava-dil’s] demeanor and to evaluate the credibility of his live testimony. Based upon its observation, the Board finds that Zavadil’s testimony was, at times, lacking in candor, misleading, and evasive.”
In addition to his character witnesses, Zavadil submitted evidence to demonstrate his involvement in community service projects that included, among others, volunteering for the “Holiday Fantasy of Lights” for an Alzheimer’s charity, participating in 5k runs to benefit several other charities, and participating in a corporate food drive. The Board found that Zava-dil’s evidence failed to mitigate the seriousness of the proven allegations in the specifications and that his formal hearing presentation did not establish rehabilitation by clear and convincing evidence.
Based on the evidence and testimony presented at the formal hearing, the Board concluded that the allegations in the specifications were proven and were grounds for recommending the revocation of Zava-dil’s license to practice law in Florida. The Board noted that Zavadil “failed to be truthful and candid during his formal hearing testimony” and that revocation is the proper sanction for his actions. Accordingly, the Board recommends that Zava-dil’s license to practice law in Florida be revoked and that he be disqualified from applying for readmission for a period of eighteen months from the date of its findings. Zavadil has filed a petition for review.
ANALYSIS
The Board seeks to revoke Zava-dil’s admission to the Bar, pursuant to Bar Admissions Rule 5-14, which provides:
*554 If, within 12 months of admission of an applicant to The Florida Bar, the board determines that a material misstatement or material omission in the application process of the applicant may have occurred, the board may conduct an investigation and hold hearings. After investigation and hearings, the board may make Findings and recommendations as to revocation of any license issued to the applicant and will file any Findings with the Supreme Court of Florida for final determination by the court.
Although there is little case law applying this rule, our case law in Bar admission proceedings provides guidance. Under the Bar Admissions Rules, “the Board serves as the body to make the initial determination of an applicant’s fitness for admission to the Bar.” See Fla. Bd. of Bar Exam’rs re R.L.W., 793 So.2d 918, 925 (Fla.2001). “[T]he Board’s findings of fact should be approved if they are supported by competent substantial evidence in the record.” Id. at 923. Moreover, “[t]he Court usually defers to the Board’s findings on a witness’s credibility because the Board has had the opportunity to observe the witness during testimony.” Id. at 924. The Board does not have to believe the applicant’s version of events. Id. (citing Fla. Bd. of Bar Exam’rs re R.D.I., 581 So.2d 27, 30 (Fla.1991)).
Here, the Board recommends that Zava-dil’s failures to timely update his Bar application amount to material omissions in the application process that warrant revoking his admission. As discussed below, we agree with the Board’s conclusions.
Zavadil first challenges the Board’s determination that the specifications, particularly specifications 1 and 4, were proven. In specification 1, the essential facts are not in dispute. In November 2008, the Chief of Police sent Zavadil a letter notifying him that he would be suspended for three days. The stated bases for the suspension were deficiencies in Zavadil’s performance and conduct reported by his supervisor. Specifically, the evidence shows that Zavadil’s supervisor initiated an investigation of Zavadil that ultimately led to the supervisor filing a “Complaint Control Form,” reporting that Zavadil displayed “unsatisfactory performance.” Subsequently, Zavadil filed an action for injunc-tive and declaratory relief against the City, which resulted in the City rescinding the suspension.
Zavadil does not dispute these facts. However, he contends that he reasonably believed he was not required to disclose these events under question 24.e on the Bar application because when read in context, that question only requires the applicant to list grievances, charges, or complaints related to a professional, occupational, or business license. Zavadil contends that as a police officer, he was not acting with a professional license. However, Zavadil’s reading of question 24.e is unreasonable. Although questions 24.a-24.c do reference “professional, occupational, or business licenses,” question 24.e does not. As the Board has pointed out, on its face question 24.e. asks about complaints resulting from the applicant’s practice of “any profession, occupation, or engagement in any business.” (Emphasis added.) Zavadil has acknowledged that law enforcement is a profession. Moreover, the evidence presented to the Board shows that Zavadil’s supervisor filed a “Complaint Control Form,” reporting that Zavadil’s performance was unsatisfactory, and that the supervisor’s action resulted in the November 2008 letter. In fact, Za-vadil described his supervisor’s report as a “complaint” in his complaint for injunc-tive relief filed in the circuit court. For these reasons, we approve the Board’s *555 finding that Zavadil was required to timely amend his answer to question 24.e on his Bar application to disclose these events and that he failed to do so.
As in specification 1, the essential facts in specification 4 are not in dispute. On March 30, 2009, the Chief of Police issued a memorandum notifying Zavadil that he would be relieved of patrol duty with pay, effective immediately. While relieved of duty, Zavadil was not permitted to take any official police action, work off-duty employment, wear a police uniform, be armed, or operate a police vehicle. Zava-dil was also directed to relinquish his equipment, including his badge, identification card, and electronic door card. In his arguments before this Court, Zavadil contends that a “relief of duty” is a specific term of art within the police force and is not a disciplinary action. Thus, he contends that he was not required to report the relief from duty as a “suspension” under question 12.a. However, we agree with the Board’s determination that in this context, Zavadil’s relief from duty would fall within the meaning of a “suspension” as used in question 12.a. The evidence in the record demonstrates that Zavadil’s relief from duty was related to his job performance. Moreover, while relieved of duty, Zavadil was not permitted to perform most of his job-related functions. It is also notable that in 2008 and 2009, during the time that the Board was investigating Zavadil’s Bar application, these ongoing issues with his supervisor were a significant event in Zavadil’s life. In fact, one of Zavadil’s witnesses described the events as an “all-out war.” Given such facts, we agree "with the Board’s conclusion that Zavadil was required to amend his answer to question 12.a on his Bar application to disclose his relief from duty and that he failed to do so.
Although we approve the Board’s determination that the allegations in specifications 1-5 were proven, Bar Admissions Rule 5-14 authorizes the Court to revoke a lawyer’s admission only if we determine that the lawyer made a “material misstatement or material omission” in the application process. See Fla. Bd. of Bar Exam’rs v. Lerner, 250 So.2d 852, 858 (Fla.1971) (revoking respondent’s admission to the Bar where respondent made false statements in his application). In this case, we conclude that Zavadil’s omissions were material.
The Board is charged with the obligation to investigate applicants seeking admission to the Bar and to determine whether each applicant has the required character and fitness, education, and technical competence for admission. See Fla. Bar Admiss. R. 1-14.2. In investigating an applicant’s background, the Bar Admissions Rules outline certain types of conduct that “may be cause for further inquiry.” See Fla. Bar Admiss. R. 3-ll(a)-(n). This includes evidence related to the applicant’s “misconduct in employment” and “neglect of professional obligations.” Fla. Bar Admiss. R. 3 — 11(d), (h). Thus, had the Board been made aware of the November 2008 letter referencing Zavadil’s supervisor’s complaint, Zavadil’s complaint for injunctive relief, and the March 2009 memorandum, it likely would have investigated these events before making a recommendation regarding Zavadil’s admission. Whether or not the Board would have determined that the events were disqualifying is not the issue. Rather, the crucial point is that Zavadil had an obligation to disclose this information to the Board. The admissions process relies on applicants making accurate and timely disclosures of relevant information. It is essential that applicants be totally candid. Here, Zavadil failed to inform the Board of *556 material information and events. We have consistently held that “no moral character qualification for Bar membership is more important than truthfulness and candor.” Fla. Bd. of Bar Exam’rs re J.H.K., 581 So.2d 37, 39 (Fla.1991) (citing Application of Allan S., 282 Md. 683, 387 A.2d 271, 275 (1978)); see also Fla. Bd. of Bar Exam’rs re M.B.S., 955 So.2d 504, 509 (Fla.2007) (“Truthfulness and candor are the most important qualifications for Bar membership.”); Fla. Bd. of Bar Exam’rs re C.A.M., 639 So.2d 612, 613 (Fla.1994) (“A lack of candor on the part of an applicant is intolerable and disqualifying for membership in the Bar.”).
CONCLUSION
Accordingly, for the reasons discussed above, we approve the Board’s Findings of Fact, Conclusions of Law, and Recommendation, and revoke Daniel Mark Zavadil’s admission to the Bar. The revocation will be effective thirty days from the filing of this opinion so that Zavadil can close out his practice and protect the interests of existing clients. If Zavadil notifies this Court in writing that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the revocation effective immediately. Thereafter, Zavadil will be disqualified from reapplying for admission for a period of eighteen months from the date his revocation is effective.[1] Zava-dil is directed to fully comply with the requirements of Rule Regulating the Florida Bar 3-5.1(h) (Notice to Clients). Further, Zavadil shall accept no new clients from the date this opinion is filed until he is readmitted.
It is so ordered.
POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.

. We disapprove the Board’s recommendation that Zavadil be disqualified from reapplying for admission for a period of eighteen months from the date of its findings. In order to give effect to the Board’s recommended eighteen-month disqualification period, that period must run from the effective date of the revocation, as provided in this opinion. See Fla. Bar Admiss. R. 5-14 (providing that the Board "may make Findings and recommendations as to revocation of any license issued to the applicant and will file any Findings with the Supreme Court of Florida for final determination by the court.”).