# Supreme Court of Florida

_____

No. SC14-759

_____

**THE FLORIDA BOARD OF BAR EXAMINERS RE: J.R.B.**

[November 20, 2014]

PER CURIAM.

The Florida Board of Bar Examiners ("Board") has filed a "Report and Recommendation" regarding the application of J.R.B. for admission to The Florida Bar.  See art. V, § 15, Fla. Const.  The Board recommended that J.R.B. be conditionally admitted, subject to the terms and conditions set forth in the Board's Report.  See Fla. Bar Admiss. R. 3-22.5(b) & 5-15.  The Court disapproves the Board's recommendation and hereby denies J.R.B. admission to The Florida Bar now and at any time in the future.

## BACKGROUND

J.R.B. ("Applicant") received his law degree in April 2005 and he successfully completed all parts of the Florida Bar examination in February 2006. In his bar application, J.R.B. reported that in 2002 he was found to have defrauded

1

his former employer, Florida State University, of $54,046. He had been adjudicated guilty on five felony counts of Grand Theft. J.R.B. also pled no contest to forty-five counts of misdemeanor Petit Theft, reduced from felony charges of forgery and uttering, and adjudication was withheld. He was sentenced to five months' incarceration and five years of probation, with early termination upon restitution in full. Applicant served his jail term and paid restitution in full. By order dated March 25, 2004, the sentencing judge terminated his probation early. In February 2005, shortly before he received his law degree, his civil rights were restored.

In addition, J.R.B. reported filing for Chapter 7 bankruptcy in July 2004 and listed $40,210 in debt. He asserted the bankruptcy was the result of his arrest and subsequent resignation from his position at Florida State University. Applicant's debts were discharged in November 2004.

Upon review of J.R.B.'s file, the Board called for a hearing. J.R.B. appeared before a division of the Board for an investigative hearing on May 12, 2006. Following the investigative hearing, the Board determined that Specifications should be prepared and served upon Applicant and that the matter of his character and fitness be considered at a formal hearing.

Specifications were filed against J.R.B. in June 2006, regarding his 2002 felony arrest for stealing funds while employed at Florida State University;

2

unprofessional and irregular conduct while employed at Florida State University resulting in two formal reprimands and numerous warnings; and his failure to timely amend his law school application to report the arrest. After J.R.B. filed an Answer to Specifications, the Office of General Counsel and Applicant agreed to resolve the case by a consent judgment. In September 2006, the Board approved the consent judgment for a three-year denial of Applicant's admission to The Florida Bar.

In October 2009, J.R.B. executed an updated Florida Bar Application. He reported that his employment as an online professor of Axia College of University of Phoenix was terminated in November 2007 (which was two years before he reported it). According to Applicant, a student who was displeased with his comments on her assignment performed an Internet search of Applicant's name and discovered news articles related to his arrest while he was employed at Florida State University. According to J.R.B., the student posted the articles and other comments within the online course chat room. As a result, Axia College suspended him from teaching when he admitted that the information was accurate. Thereafter, J.R.B. was removed from his position pending an investigation.

After reviewing J.R.B.'s updated file, the Board filed a new Specification to consider his character and fitness. The new Specification was filed against J.R.B. in March 2011, regarding his failure to disclose to Axia College of University of

3

Phoenix that he was a convicted felon because he thought he would not be accepted for employment. J.R.B. filed an Answer to the Specification in which he admitted to the allegations. Following a formal hearing in September 2011, the Board found J.R.B. failed to establish his rehabilitation by clear and convincing evidence. The Board determined to withhold J.R.B.'s admission for one year and, at the conclusion of the one-year period, he would submit a report to the Board describing in detail his efforts at rehabilitation, including continued group therapy through Florida Lawyers Assistance, Inc. (FLA) and completion of 250 hours of community service. If the evidence was sufficient, the Board would recommend J.R.B. for conditional admission to The Florida Bar if he executed a consent agreement requiring his continued active participation in FLA programs, with quarterly reports provided to a monitoring agency for a two-year period.

In October 2013, the Board received J.R.B.'s statement of rehabilitation. The statement asserted that he had: performed volunteer work with Habitat for Humanity; a good reputation for professional ability; a lack of malice toward staff and administrators at Florida State University; and continued participation in group therapy. The Office of General Counsel did not file a formal response to Applicant's statement of rehabilitation. After a formal hearing panel reviewed the statement, the Board recommended that J.R.B. be conditionally admitted for a period of two years, subject to several terms and conditions. Pursuant to the terms

4

of the Board's Report and Recommendation, as well as a consent judgment, one of the requirements is that J.R.B. must continue to abide by his contract with FLA.

## ANALYSIS

The Court is not precluded from reviewing the factual underpinnings of the Board's recommendation, based on an independent review of the record. Fla. Bd. Bar Exam'rs re M.B.S., 955 So. 2d 504, 508 (Fla. 2007). Based upon its review, the Court disapproves the Board's recommendation and denies J.R.B. admission to The Florida Bar. The facts in this case clearly demonstrate Applicant's character and fitness deficiencies.[1] Further, Applicant has failed to demonstrate rehabilitation from his misconduct.

J.R.B. has demonstrated a lifetime of dealing in falsehoods. He lacks the ability to be truthful and his conduct over the years demonstrates that he has no respect for the law. J.R.B. engaged in embezzlement, stealing funds from his employer on numerous occasions. Further, the funds he stole included funds for a university debate team, so his misdeeds could have directly impacted students who were working to achieve important goals in their lives. J.R.B. was adjudicated guilty on five felony counts of Grand Theft and he pled no contest to forty-five

---

1. The Court recognizes the benefits of attorneys participating in FLA programs. However, in circumstances such as those in the instant case, it is not the responsibility of FLA to rehabilitate applicants to make them acceptable to the Board.

counts of misdemeanor Petit Theft. This is a significant criminal history, which is based on untruthful conduct. In addition, J.R.B. had to resign from his position with the university in disgrace; people who have left one profession in disgrace cannot find a haven by seeking to become a member of The Florida Bar. See generally Fla. Bd. of Bar Exam'rs re D.M.B., 144 So. 3d 532 (Fla. 2014) (former doctor, whose medical license was revoked due to extensive history of misconduct with his patients, was permanently denied admission to The Florida Bar).

Further, according to the Board's Report, J.R.B. was found guilty of defrauding his employer in 2002. He graduated from law school in April 2005. Therefore, while he was preparing to possibly enter the practice of law, a profession that requires a higher calling, he was a felon dealing with the consequences of his criminal activities. He was on probation until March 2004 and did not have his civil rights restored until approximately three months before he graduated.

In addition, instead of striving to meet his financial responsibilities, he filed for bankruptcy while in law school. Although he was adjudicated guilty of the criminal acts in 2002, he filed for bankruptcy in July 2004. Before the Board, he attributed the $40,210 of debt to his arrest and resignation from his position at Florida State University. Applicant stole over $54,000 from his employer and potentially caused harm to students whose school activities were supported by

6

those funds; he then entered law school, and two years later he characterized his financial problems as due to his resigning from employment in 2002. Applicant fails to acknowledge the seriousness of his character deficiencies.

Furthermore, while J.R.B. was in the three-year period of waiting to reapply for Bar admission, it was discovered that he did not tell his employer, Axia College, of his criminal history. He was terminated from that position in November 2007. J.R.B. has continued to engage in dishonest conduct, even while waiting to apply for Bar membership. It is also telling that he did not inform the Board of the events regarding Axia College until over two years later—he did not report this information to the Board until October 2009.

Applicant has an extensive and documented record of dishonest conduct. His egregious behavior does not demonstrate that he would respectfully obey the professional ethics of the legal profession. The Court has consistently held that "no moral character qualification for Bar membership is more important than truthfulness and candor." Fla. Bd. of Bar Exam'rs re J.H.K., 581 So. 2d 37, 39 (Fla. 1991); see also Fla. Bd. of Bar Exam'rs re Zavadil, 123 So. 3d 550, 556 (Fla. 2013); Fla. Bd. of Bar Exam'rs re M.B.S., 955 So. 2d 504, 509 (Fla. 2007); Fla. Bd. of Bar Exam'rs ex rel. R.L.W., 793 So. 2d 918, 926 (Fla. 2001).

Accordingly, the underlying facts of the instant case impact so adversely on the character and fitness of J.R.B. that the misconduct mandates that he not be admitted to The Florida Bar now or at any time in the future.

No motion for rehearing will be entertained by this Court.

It is so ordered.

LABARGA, C.J., with LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.
PARIENTE, J., concurs in result.

NO MOTION FOR REHEARING WILL BE ALLOWED.

Original Proceedings – Florida Board of Bar Examiners

Daryl M. Manning, Chair, Tampa, Florida, and Michele A. Gavagni, Executive Director, and Robert G. Blythe, General Counsel, Florida Board of Bar Examiners, Tallahassee, Florida,

for Petitioner

John A. Weiss of John A. Weiss, P.A., Tallahassee, Florida,

for Respondent