DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DANIEL MARK ZAVADIL,**
Appellant,

v.

**THE FLORIDA BAR,**
Appellee.

No. 4D15-3573

[June 8, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carol-Lisa Phillips, Judge; L.T. Case No. CACE15-005275 (25).

Daniel Zavadil, Sterling, Virginia, pro se.

M. Hope Keating and Michael H. Moody of Greenberg Traurig, P.A., Tallahassee, for appellee.

***ON MOTION FOR REHEARING***

PER CURIAM.

We deny the motion for rehearing en banc but grant the motion for a written opinion, withdraw our prior affirmance without opinion, and substitute the following opinion in its place.

*Affirmed.* The trial court correctly dismissed appellant's complaint against The Florida Bar for defamation. In his complaint, appellant alleged that the Bar defamed him when it posted in his attorney profile and stated in a letter that he had been "disbarred" when the supreme court had "revoked" his license for making material omissions in his application for admission to the Bar. *See Fla. Bd. of Bar Exam'rs re Zavadil,* 123 So. 3d 550 (Fla. 2013). A revocation of a license can be tantamount to a disbarment. *See* R. Regulating Fla. Bar 3-5.1(g) ("A disciplinary revocation is tantamount to a disbarment.").[1] Moreover, the Bar has absolute

---

[1] Although appellant's suspension was under Florida Bar Admissions Rule 5-14, Rule 3-5.1(g) is instructive that revocation and disbarment are similar. To

immunity for actions taken within the scope of its authority as an arm of the Florida Supreme Court in the matters of the regulation of attorneys. *See Mueller v. The Fla. Bar,* 390 So. 2d 449, 451 (Fla. 4th DCA 1980). The term "scope of office" has been interpreted broadly. *Id.* at 451-52. Maintaining an accurate public listing of attorneys, including whether or not they are in good standing and able to practice, is an integral part of the Bar's duties, as is responding to inquiries regarding an attorney's status. *See, e.g.*, R. Regulating Fla. Bar 3-5.4.

WARNER, CONNER and FORST, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***

---

"disbar" means to expel from the bar so that the member can no longer practice law in that jurisdiction. *See* R. Regulating Fla. Bar 3-5.1(f); Black's Law Dictionary (10th ed. 2014). Revocation of the license also prevents the member from practicing law in that jurisdiction.